IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPPLEMENT SPOT, LLC, | § | CASE NO. 06-35903-H4-11 |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| YOUNG AGAIN PRODUCTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 07-3019 |
| | § | |
| SUPPLEMENT SPOT, LLC, | § | |
| MARCELLA ORTEGA, and | § | |
| JOHN ACCORD a/k/a JOHN | § | |
| LIVINGSTON, | § | |
| | § | |
| Defendants. | § | |

### TRUSTEE'S MOTION TO DISMISS ADVERSARY PROCEEDING WITHOUT PREJUDICE OR IN THE ALTERNATIVE TO ABATE ADVERSARY PROCEEDING

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

Ben B. Floyd, chapter 11 trustee of the bankruptcy estate of Supplement Spot, LLC (the "Trustee"), files this Motion to Dismiss Adversary Proceeding Without Prejudice. In support thereof, the Trustee would respectfully show the Court the following:

#### Summary

1.  The claims asserted by Young Again Products, Inc. ("YAP" or the "Plaintiff") in this adversary proceeding are property of the bankruptcy estate of Supplement Spot, LLC (the "Estate") under Section 541 of the Bankruptcy Code which the Trustee has the exclusive standing to pursue on behalf of the estate and its creditors. The Trustee seeks to dismiss this adversary proceeding without prejudice, or, in the alternative, to abate this adversary proceeding to afford the Trustee to conduct and complete his own investigation of all potential claims against insiders and other third parties.

## Background

2. On January 24, 2007, YAP filed this adversary proceeding (the "Complaint") against the Debtor, Supplement Spot, LLC (the "Debtor"), John Accord ("Accord") and Marcella Ortega ("Ortega") seeking recovery for alleged fraud and civil conspiracy in an amount not less than $1.1 million ($100,000 in compensatory damages and $1 million in punitive damages) and the appointment of a Chapter 11 Trustee.

3. The Complaint alleges that Ortega and Accord, as insiders of the Debtor, have failed to disclose assets, perpetrated fraudulent actions and absconded with Estate assets (docket no. 1 at ¶¶ 13-27).

4. On February 27, 2007, this Court entered an agreed order directing the appointment of a chapter 11 trustee (main case docket no. 98).

5. On March 1, 2007, this Court entered an order appointing Ben B. Floyd as the Chapter 11 Trustee for the Debtor (main case docket no. 100).

6. Contemporaneous with this motion, the Trustee filed his Motion to Intervene as Party-Plaintiff to assert the Estate's claims in this proceeding.

## Argument

7. The Complaint alleges that Accord and Ortega have failed to disclose Estate assets, perpetrated fraudulent actions and absconded with Estate assets. The Trustee has not yet completed his investigation of the merits of the foregoing allegations. Nevertheless, if the allegations are true, they state a claim that assets were diverted from the Estate. Such a claim is one of generalized harm to the Estate and its creditors

8. It is the Trustee's duty to account for all property of the estate, including the prosecution of any causes of action that may benefit the creditors of the bankruptcy estate. *See* 11 U.S.C. §§ 1106–1107; *see also, In re Mortgageamerica Corp.*, 714 F.2d 1266, 1277 (5th Cir.

1983) (stating that the property of the estate includes the right to recover funds wrongfully diverted from a corporation.).

9. The claims asserted in the Complaint constitute property of the estate under Section 541 of the Bankruptcy Code which the Trustee has the exclusive standing to pursue on behalf of the estate and its creditors. *See, e.g.*, 11 U.S.C. § 541(a)(1); *Schimmelpennick v. Byrne (In re Schimmelpennick)*, 183 F.3d 347, 359 (5th Cir. 1999) (stating that "even if a claim 'belongs to' the creditor, the trustee is the proper party to assert the claim, for the benefit of all creditors, provided the claim advances a generalized grievance."); *In re S.I. Acquisition, Inc.*, 817 F.2d 1142 (5th Cir. 1987); *In re Educators Group Health Trust*, 25 F.3d 1281 (5th Cir. 1994).

10. Any alleged transfer of the Debtor's assets—if in fact fraudulently transferred—would be recoverable by the Trustee for the estate and all creditors. The Trustee intends to investigate the allegations made by the Plaintiff and, if such allegations are correct, the Trustee will take the appropriate action, as he is duty-bound to do so.

## Relief Requested

11. The Trustee requests that this proceeding be dismissed without prejudice to the re-filing of a similar suit by the Trustee in the event such action is warranted or, in the alternative,

**[The remainder of this page is intentionally left blank.]**

to abate this proceeding until further order of this Court, and that he have such other relief, legal or equitable, to which he may show himself justly entitled.

DATED this 24th day of April 2007.

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.

By: /s/ Randall A. Rios
Randall A. Rios
State Bar No. 16935865
Lynn Chuang Kramer
State Bar No. 24036930
700 Louisiana, Suite 4600
Houston, Texas 77002
Tel: (713) 222-1470
Fax: (713) 222-1475

ATTORNEYS FOR THE TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Trustee's Motion to Dismiss Adversary Proceeding Without Prejudice was served to the parties listed below either via electronic means as listed on the Court's ECF noticing system or via United States first class mail, postage prepaid, on this 24th day of April 2007:

Young Again Products, Inc.
c/o Margaret M. McClure
Attorney at Law
909 Fannin, Suite 3810
Houston, TX 77010

John Accord
1919 Cattle Drive
Magnolia, TX 77354

Marcella Ortega
1919 Cattle Drive
Magnolia, TX 77354

/s/ Lynn Chuang Kramer