IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| SUPPLEMENT SPOT, L.L.C., | § | CASE NO. 06-35903-H4-11 |
|     Debtor. | § | CHAPTER 11 |
| | § | |
| YOUNG AGAIN PRODUCTS, INC., | § | |
|     Plaintiff | § | |
| | § | |
| | § | |
| v. | § | ADVERSARY NO. 07-3019 |
| | § | EFC |
| | § | |
| SUPPLEMENT SPOT, L.L.C., | § | |
| MARCELLA ORTEGA, and | § | |
| JOHN ACORD a/k/a JOHN | § | |
| LIVINGSTON, | § | |
|     Defendants | § | |

**RESPONSE TO PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT**

Defendants John Acord and Marcella Ortega file this response to Plaintiff Young Again Products, Inc.'s, Motion for Entry of Default.

1. Although Plaintiff's motion seeks "entry of default," it appears by the language of Plaintiff's amended motion it is seeking a default judgment under Federal Rule of Civil Procedure 55(b) rather than entry of default by a clerk. As it happens, it would be inappropriate either for the clerk to enter default or for the court to grant a default judgment.

2. Entry of default under Federal Rule of Civil Procedure 55(a) is only appropriate when a party against whom judgment is sought has failed to plead or otherwise defend. That is not the case in this adversary proceeding. On April 23, 2007, John Acord and Marcella Ortega filed *pro*

*se* answers. They are Documents No. 15 and 16 under the PACER file's docket report for this case.

3. Plaintiff's motion does not even contend that these defendants have failed to plead. Plaintiff only claims, at Paragraph 3 of its amended motions, that they have "failed to plead or file any response within 30 days of issuance of the summons." That does not meet the requirement of FRCP 55(a).

4. Further, it appears that Plaintiff seeks not entry of default, despite the title of its motion, but an award of default judgment. In the first place, Plaintiff has set this matter for a hearing before the court rather than applying to a clerk. In the second place, Plaintiff's motion seeks damages based on an affidavit filed by Plaintiff's president for airfare, hotel, legal fees, revenues for debtor Supplement Spot, L.L.C., and "personal expenses" for trips to Houston. See Exhibit 3, the affidavit of Roger Mason, attached to Plaintiff's amended motions. A Defendant defaults by failing to plead or otherwise respond to a complaint. The clerk may enter a default once that default is established by affidavit or otherwise. *New York Life Insurance Company v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Entry of default must precede a grant of default judgment under FRCP Rule 55(b). *Johnson v. Dayton Electric Manufacturing Company*, 140 F.3d 781, 783 (8th Cir. 1998).

5. It is not even necessary for a Defendant to answer to avoid entry of default. All the rule requires is that he indicate "a clear purpose to defend

the suit." *Key Bank v. Tablecloth Textile Company*, 74 F.3d 349, 353 (1st Cir. 1996). These defendants' *pro se* answers, while not perfect, more than evidence their desire to defend the case.

6. Further, default judgments are generally disfavored with the view that cases should be decided on their merits. *Pena v. Seguros La Comercial, S.A.* 770 F.2d 811, 814 (9th Cir. 1985).

7. Defendants Acord and Ortega heartily join in Trustee's motion to dismiss or abate this adversary proceeding for all of the reasons stated in Trustee's motion. Defendants deny each and every allegation of fraud and civil conspiracy put forward by Plaintiff. However, assuming for the sake of argument those complaints were true, they would belong to the trustee, not to a purported creditor such as the Plaintiff in this adversary proceeding.

8. Defendants John Acord and Marcella Ortega request that Plaintiff's motion for entry of default, or for default judgment (whichever Plaintiff intends) be in all things denied. They further request that the court dismiss this adversary proceeding consistent with the Trustee's request. In the event the court elects not to dismiss the proceeding, Defendants Acord and Ortega ask that the court abate it until the completion of Trustee's investigation.

Respectfully submitted,

**McCORMICK, McNEEL, EDLER & WILLIAMS, L.L.P.**


By: _____/s/_____
    Andrew M. Williams
    SBN 21510835
    5909 West Loop South, Suite 550
    Bellaire, Texas 77401
    (713) 523-0400
    (713) 523-0408 Fax

    ATTORNEY FOR DEFENDANT
    JOHN ACORD


**LAW OFFICE OF ROBERT E. SINGER**


By: _____/s/_____
    Robert E. Singer
    SBN: 18434500
    4550 Post Oak Place, Ste. 175
    Houston, TX 77027
    (713) 627-2977
    (713) 961-2940 (fax)


    ATTORNEY FOR DEFENDANT
    MARCELLA ORTEGA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| SUPPLEMENT SPOT, L.L.C., | § | CASE NO. 06-35903-H4-11 |
|     Debtor. | § | CHAPTER 11 |
| | § | |
| YOUNG AGAIN PRODUCTS, INC., | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | ADVERSARY NO. 07-3019 |
| | § | |
| SUPPLEMENT SPOT, L.L.C., | § | |
| MARCELLA ORTEGA, and | § | |
| JOHN ACORD a/k/a JOHN | § | |
| LIVINGSTON, | § | |
|     Defendants | § | |

## ORDER

The court denies Plaintiff Young Again Products, Inc.'s, motions for entry of default, or for default judgment.

SIGNED THIS _____ DAY OF _____, 2007.

_____
JUDGE PRESIDING

5