IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*United States District Court
Southern District of Texas
FILED
SEP 17 2007
Michael N. Milby
Clerk of Court*

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUPPLEMENT SPOT, LLC, | § | CASE NO. 06-35903-H4-11 |
| | § | CHAPTER 11 |
| Debtor. | § | |
| | § | |
| YOUNG AGAIN PRODUCTS, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | ADVERSARY NO. 07-03019-H4-1 |
| | § | |
| SUPPLEMENT SPOT, LLC, | § | |
| MARCELLA ORTEGA, and | § | |
| JOHN ACORD a/k/a LIVINGSTON, | § | |
| | § | |
| Defendants. | § | |

## JOHN ACORD'S DEMAND FOR A JURY TRIAL

John Acord, hereinafter referred to as the "Movant" hereby renews his demand for a jury trial and requests a withdrawal of reference to the United States District Court in this action.

1. The Movant made a timely demand for jury trial in his Answer to the complaint in this adversary action. A copy of this demand is incorporated in this motion as Exhibit 1.

2. The Court is asked to make special reference to the examples of intimidation, extortion and coercion attached as exhibits to the Movant's Answer. The Court has ignored or refused to address these threats. It is the belief of the Movant that the reason for the Court's inaction is it lacks the powers to properly censure such activities in a court of equity.

3. The Movant is not a party to the Chapter 11 filing by the debtor, and merely acts as one of several managers of the debtor subject to the supervision of the court appointed trustee, Ben Floyd, Esq.

4.     The Movant never consented to the jurisdiction of the Bankruptcy Court in this action and stated for a second time in the recently filed initial disclosures  the Movant was not withdrawing his demand for a jury trial and that movant's submission of the initial disclosures could not be considered as consent to forgoing his constitutional right to a jury trial.

5.     The Movant, having never consented to the jurisdiction of the Bankruptcy Court, has a constitutional right to a jury trial in that the plaintiff is seeking to hold him personally responsible for undetermined damages in excess of $20.00. It is clear that the Movant has a right to a jury trial. The Seventh Amendment states, "In suits at common law where the value of the controversy shall exceed twenty dollars, the right to a trial by  jury shall be preserved..." U.S. CONST. Amend. VII. In Gianfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989), the Supreme Court explained that "suits at common law" referred to controversies in which legal rights were to be determined, as distinguished from cases in which only equitable rights were recognized and only equitable remedies were administered. In the plaintiff's Amended Motion For Entry of Default Against Defendant John Acord, which was denied by this Bankruptcy Court, the plaintiff clearly states that he is seeking damages in excess of $153,000 and punitive damages in excess of $614,000. The complaint alleges actions by the Movant that are clearly matters at law and as such require all to be heard in the U.S. District Court and tried before a jury.

6.     The Movant intends to file a cross- complaint against the Plaintiff Young Again Products, Inc, and Roger and Ivey Mason alleging among many other matters,  the Plaintiffs and others have violated numerous court orders and injunctions in a continuous pattern of  extortion, coercion, harassment, intimidation, interference and threats, including  death threats laced with racial hate motivations. That the Plaintiff and others acting in concert have engaged in a pattern of civil racketeering, including numerous violation of federal court orders and injunctions, the use of the mails and wires to make extortionate and coercive demands, including threats of death

and murder against the Movant, his family and his associates all for the purpose of extorting and coercing the Movant into making a civil settlement with the plaintiffs.

7.    The Movant has not been able to file the cross-complaint for fear that filing a claim in the Bankruptcy Court could constitute consent to the jurisdiction of the Bankruptcy Court and consequently, waiver of the right to a jury trial.

8.    Moreover, good cause exists for the removal of this action to the District Court. The Plaintiff, a business competitor and rival, has engaged in a pattern of interference and harassment of the Movant and the debtor for the past four years. The harassment came to the attention of the U.S. District Court for the Southern District of Maryland who issued the Injunction attached hereto as Exhibit 2 in which the plaintiffs herein and all those acting in concert or participation with them are permanently enjoined and restrained from making any disparaging and defamatory remarks about one another or their respective businesses to any third parties…" The District Court further ordered that Plaintiff, including Roger and Ivey Mason are permanently enjoined and restrained from interfering in any way with the business of the Defendants, which includes the debtor and the Movant and Marcella Ortega. The repetitive and flagrant violation of this order by the plaintiffs and their attorneys has lead to a pattern of civil racketeering , which will be the subject of the cross-complaint this Movant will file once this case has been moved to the District Court.

8 , Attached hereto as Exhibit 3 is a copy of a death threat received by the Movant in an envelope that clearly bears the hand printing of the Plaintiff, Roger Mason. This demonic threat depicts the Movant's headstone in a graveyard among addtional gravestones each with a racial or ethnic epithets. The number of gravestones and the descriptions are intended to represent the movant's death and the death of his associates and fellow employees. The intention of this demonic threat coming after numerous letter and messages making similar threats is solely

intended to upset and intimidate all who viewed it. The objective of this threat and others is to extort and coerce a settlement of the issues in this action and others. It is clearly criminal activity practiced in the shadow of this Court. The Trustee in this case, Ben Floyd, has in his possession similar writing by Mason using the identical epithets and racial slurs in the plaintiff's handwriting as depicted on Exhibit 3.

9.      On information and belief the Plaintiff Roger Mason is not a business man, he is not a chemist, he is not a researcher, but he is a seven times convicted narcotics and drug trafficker who spent nearly 30 years of his adult life in federal or state prisons and lock-ups or under closely supervised parole. He is regarded by law enforcement authorities as a particularly cunning and clever drug trafficker who also has federal convictions for identity and credit card fraud.

10.     Upon information and belief Mason's company, Young Again Products, Inc., is a front by which he manufactures, distributes and sells illegal drugs and other substances and launders the proceeds of these illegal activities.

11.     Upon information and belief, Mr. Mason maintains contact with violent criminals both in and out of prison with whom he continues his drug and identity theft enterprises. Mason's history and penchant for violent behavior and continuous association with violent criminals make Mason's a serious impediment to the orderly conduct of this adversary action. Those who are familiar with Mason know that he is ruthless, violent,  and disposed to use criminal activities as a tool to extort and coerce his victims, including the Movant, his family and anyone associated with the Movant..

12.     Since receiving numerous threats from Mason, the Movant has had difficulty sleeping, declining health, conducting his daily activities, and fears for his life and safety, his family's life and safety and has become obsessed with fears that Mason or someone associated

with him or his prison gangs may do harm to the Movant and his family, associates, fellow employees and others innocently put in peril by Mason and his gang of drug traffickers. Exhibit 3 is typical of the demonic threat issued and conveyed by prison gangs such as the Aryan Brotherhood with which Mason may maintain contact. Fellow employees of the debtor have expressed the same fears as the Movant in that Mason's demonic and numerous threats may result in him sending criminals to harm them In their workplace or perhaps his own appearance with weapons to carry out his demonic threats.

13.     There is little doubt in the Movant's mind that his life and that of his family and associates have been threatened and has good cause to be in fear of his life. Exhibit 3  is only one of at least 50 other examples the Movant has collected of Mason's extortion, coercion intimidation, interference, harassment of the Movant, the debtor's customers, business associates, and others. The Movant can present this Court with overwhelming evidence that shows Mason's intent is not to properly pursue a legal claim to its conclusion  but to extort, coerce, harass and intimidate the Movant and anyone who may be associated with him for the objective of forcing Movant to enter into a civil settlement with Mason.

12. The Bankruptcy Court, dealing with business and equitable matters cannot afford the Movant any practical protection against Mason's numerous criminal violations or previously issued federal injunctions and orders as well as his criminal intent to extort or and or coerce Movant into a civil settlement of his alleged claims. The  Bankruptcy Court is also not allowed by law to pursue cases involving organized crime and civil racketeering as alleged above.. It is only the United States District Court that has the proper powers to conduct legal proceedings between the Movant and the plaintiff, and to properly protect the Movant from  Mason's continuous harassment, extortion, coercion and intimidation.

## *CONCLUSION*

*The Movant prays he be allowed to withdraw this proceeding to the U. S District Court*

*for the on the grounds set forth above.*

DATED: this 11TH day of September 2007.

Respectfully submitted

John Acord, in Pro Se

By: _____

John Acord
1919 Cattle Dr.
Magnolia, TX 77354
832-368-3599

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Initial Disclosures was served to the parties listed below either via  United States first class mail, postage prepaid, on this 11th  day of September 2007.

Young Again Products, Inc.
c/o Margaret M. McClure
Attorney at Law
909 Fannin, Suite 3810
Houston, TX  77010

Ben Floyd, Trustee
700 Louisiana Street, Suite 2200
Houston, TX 77010

Marcella Ortega
1919 Cattle Drive
Magnolia, TX  77354

John Acord

# UNITED STATES BANKRUPTCY COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

IN RE:                                                    BANKRUPTCY CASE NO
                                                          NO 06-35903
                                                          Chapter 11

SUPPLEMENT SPOT, LLC
                              **DEBTOR**           Adversary No:_____

YOUNG AGAIN PRODUCTS,
INC.

      **Plaintiff**

Vs.

Supplementspot, LLC

And JOHN ACORD

And MARCELLA ORTEGA

      **Defendants**

# <u>ANSWER</u>

COMES NOW, John Acord, Defendant,  and files this Answer.

Defendant Denies all allegations contained within the complaint within the aforesaid

Complaint, and further avers:

1. Denies all material allegations contained therein or otherwise stands on the

2. amended schedules submitted to this court as true and correct to the best of his

3. knowledge.

4.  Defendant relied upon the advice of competent and certified counsel in preparing

5.  all schedules and declarations In this case and avers they are true and correct to

6.  the best of his knowledge and advice of counsel.

7.  The Plaintiff knew or should have known that all issues raised herein are issues

8.  that can only be raised by the Debtor, who operates under the protection of a court

9.  appointed trustee

10. That no proper summons as set for in the filings of the court was ever served upon

11. the Defendant

12. That proper time for service has lapsed and that the complaint should be

13. dismissed for lack of service.

14. Plaintiff knows or should have known that Defendant's personal attorney is

15. Patrick Hoskins Esq., yet made no attempt to contact Mr. Hoskins to effect proper

16. service and leave to reply to the complaint

17. Defendant files this reply after discovering to his dismay from the Trustee that
    the

18. Plaintiff intended to file a motion for default in this case, maintaining that proper

19. service had been made on the Defendant.

20. That Plaintiff's attorney, Margaret McClure, was present when this Defendant

21. appeared before this court on at least 3 separate occasions and made no attempt to

22. properly serve this defendant with a copy of the complaint and status order.

23. Defendant did discuss the complaint with the former attorney for the Debtor and

24. was informed at that time that no proper summons had been issued, that the case

25. would be held in "abatement," and no reply was necessary. Afterwards, the same

26. attorney told Defendant that the court appointed trustee would handle the matter

27. as the issues raised by the plaintiff were under the Trustee's jurisdiction and not

28. issues that could properly raised by the plaintiff.

# Request For Jury Trial

The Defendant demand a jury trial on the allegations contained in this complaint and

requests that the complaint, if not dismissed by the Court, be moved to the District
Court

of proper jurisdiction

The Defendant further requests this court to construe the language of this Answer

liberally. The Defendant is not an attorney, has not consulted with an attorney on this

reply, and needs time to retain an attorney should the court allow the case to proceed.

The Defendant asks this court to enter a new scheduling order based upon service
from

this date and allow Defendant sufficient time to retain competent counsel

Respectfully submitted.

John Accord
In Pro Se

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

YOUNG AGAIN PRODUCTS, INC.

        Plaintiff / Counter-Defendant,

   vs.

JOHN ACORD a/k/a JOHN LIVINGSTON, et al.

        Defendants / Counter-Plaintiffs.          Civil No: RWT 03CV2441

JOHN ACORD a/k/a JOHN LIVINGSTON, et al.

        Third-Party Plaintiff,

   vs.

ROGER MASON and IVEY MASON

        Third-Party Defendants

### CONSENT INJUNCTION

By agreement of the parties, as expressed on the record at the May 19, 2004 Hearing held
on Plaintiff's Motion To Enforce This Court's Rulings On March 22, 2004, The Consent
Injunction Order Of March 25, 2004, And The Preliminary Injunction Order Of March 25, 2004,
And For An Order To Show Cause Why Defendant Should Not Be Held In Contempt For
Violating This Court's Decrees, And For Expenses, Including Attorneys' Fees, it is, this      day
of May, 2004, by the United States District Court for the District of Maryland,

ORDERED, that Pursuant to Fed. R. Civ. P. 65(d), Defendants, their officers, agents,
servants, employees, members, and those acting in concert or participation with them who
receive notice of this Injunction, including but not limited to Young Again Nutrition, L.L.C.,

(collectively "Defendants"), are hereby PERMANENTLY ENJOINED and RESTRAINED, both jointly and severally, from use of the following trademarks: Fat Absorb®, Better Immunity™, Better Prostate™, Skin Cure®, The Osteoporosis Answer®, Vein Free®, Arthritis Arsenal®, Arthritis Free™, Better Cholesterol®, German Zyme™, Miracle Cream™, Total Minerals™, Total Vitamins™, the Estrogen Alternative™, or any other names, terms or marks which so resemble any of the above marks as to be likely to cause confusion, and it is

FURTHER ORDERED, that the Defendants are hereby PERMANENTLY ENJOINED and RESTRAINED, both jointly and severally, from marketing, selling, distributing, advertising, brokering, transferring, publishing, or giving away for free the following books (or any excerpts there from): Lower Cholesterol Without Drugs; What Is Beta Glucan; Zen Macrobiotics For Americans; The Natural Prostate Cure; Natural Arthritis Relief; No More Horse Estrogen; and The Mineral You Need; provided however, that the Defendants may sell or give away with purchase of product any of these books that remain in inventory at the time of execution of this Order, and it is

FURTHER ORDERED, that the Defendants are hereby PERMANENTLY ENJOINED and RESTRAINED, both jointly and severally, from use or publication of any articles or excerpts of articles authored by Roger Mason, including articles in archives, provided however, that the Defendants shall have 60 days from execution of this Order to remove all such articles and excerpts from articles from all websites owned or controlled by the Defendants, and it is

FURTHER ORDERED, that the Defendants are hereby PERMANENTLY ENJOINED and RESTRAINED, both jointly and severally, from use or publication of the name Roger Mason, provided however, that the Defendants shall have 60 days from execution of this Order to remove all references to the name from websites owned or controlled by the Defendants, and it is

2

FURTHER ORDERED, that all parties to this case, including their respective officers, agents, servants, employees, and those acting in concert or participation with them, are PERMANENTLY ENJOINED and RESTRAINED from making any disparaging or defamatory remarks about one another or their respective businesses to any third parties unless protected or privileged pursuant to legal proceedings, and it is

FURTHER ORDERED, that Plaintiff, its officers, agents, servants, and employees, including Roger Mason and Ivey Mason, are PERMANENTLY ENJOINED and RESTRAINED from interfering in any way with the business of Defendants including but not limited to using Defendants' customer lists or other trade secret information of Defendants, provided however, that nothing in this paragraph shall be construed to limit the Plaintiff from pursuing its claims against the Defendants in the above captioned case or any other legal preceding in another jurisdiction, or taking any lawful action necessary to protect Plaintiff's rights, and it is

FURTHER ORDERED, that the Defendants shall remove within one week of the execution of this Order all references to the trademarks and copyrighted books identified above from all websites owned or controlled by the Defendants, including the following websites: www.youngagain.com, www.youngagainnutrients.com, www.youngagain.info, www.supplementspot.com, www.low-fat-recipes.com, and www.youngagain2000.com. Additionally, within one week of the execution of this Order, the Defendants shall send notice in writing to the owners and operators of www.netheal.com, , www.avmazon.com, www.menshealthtech.com, www.healthy-networks.com, www.second-hand-news.com, www.healthcore21.com, www.virilityhealthstore.com, and all other websites with whom the Defendants are affiliated or otherwise derive any revenue, requesting that they cease and desist use of the above identified trademarks and copyrighted publications, and copies of these notices shall be sent to the Plaintiff, and it is

3

FURTHER ORDERED, that, within one week of the execution of this Order, the Defendants will provide Plaintiff with the contact information, including the name, address, and telephone number, as known to the Defendants of the owners and operators of www.netheal.com, www.avmazon.com, www.menshealthtech.com, www.healthy-networks.com, www.second-hand-news.com, www.healthcore21.com, and www.virilityhealthstore.com, and all other websites with whom the Defendants are affiliated or otherwise derive any revenue, and it is

FURTHER ORDERED, that, after the time periods for removal specified above, in the event Plaintiff finds on the aforementioned websites owned or controlled by the Defendants any references to the products, names, books, or articles referenced above or the name Roger Mason, the Defendants shall have one week to remove any such references from the time of delivery of notice given in writing and sent by facsimile or by hand, or by overnight delivery service, addressed to:

John Acord
Young Again Nutrition, LLC.
9022 Deer Lodge Road
Magnolia, TX 77354

and

Lawrence E. Laubscher, Jr.
Laubscher Severson
1160 Spa Road, Suite 2B
Annapolis, Maryland 21403,

and that, upon a finding by the Court (after filing of proper papers from both parties) that Defendants have failed to remove the references within the one week time period, the Defendants shall be held in Contempt, with penalties to be assessed as deemed appropriate by this Court including, but not limited to, monetary sanctions of $500.00 a day for continuing violations of this Injunction commencing the 8th day after notice is delivered and reimbursement of Plaintiff's expenses to enforce compliance with this Injunction, including all reasonable costs

4

and attorneys' fees, and it is and it is

FURTHER ORDERED, that, except as otherwise specified in the immediately preceding paragraph, any party may seek redress against a party violating the provisions of this Consent Injunction through motion to this Court, with relief provided as the Court deems appropriate, and it is

FURTHER ORDERED, that Defendants shall reimburse within one week of the execution of this Order by certified or cashier's check made payable to Young Again Products, Inc. and Freeman & Freeman, P.C., Plaintiff's costs and attorneys' fees of $1,831.50 incurred in connection with Plaintiff's Motion To Enforce This Court's Rulings On March 22, 2004, The Consent Injunction Order Of March 25, 2004, And The Preliminary Injunction Order Of March 25, 2004, And For An Order To Show Cause Why Defendant Should Not Be Held In Contempt For Violating This Court's Decrees, and it is

FURTHER ORDERED, that to the extent that the further mediation is deemed necessary by the parties, such mediation shall be conducted by Magistrate Judge Day.


By consenting to the entry of this Order, no party subject thereto shall be deemed to have acknowledged, admitted or otherwise agreed that such party has in any way committed any act of copyright or trademark infringement or violated or breached any legal duty to or right of any other party, and each party expressly reserves the right to assert, challenge or contest any such assertions or allegations in this action or in any other legal action in which such an issue may arise.


_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

5

## Freeman & Freeman

**From:**  <MDD_CM-ECF_Filing@mdd.uscourts.gov>
**To:**  <MDDdb_ECF@mdd.uscourts.gov>
**Sent:**  Tuesday, May 25, 2004 2:03 PM
**Subject:**  Activity in Case 8:03-cv-02441-RWT Young Again Products, Inc. v. Acord et al "Order"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Maryland

Notice of Electronic Filing

The following transaction was received from Titus, Roger entered on 5/25/2004 at 2:03 PM EDT and filed on 5/25/2004
**Case Name:**  Young Again Products, Inc. v. Acord et al
**Case Number:**  8:03-cv-2441
**Filer:**
**Document Number:** 57

**Docket Text:**
PAPERLESS ORDER APPROVING [54] Line and attached Consent Injunction. Signed by Judge Roger W Titus on 5/25/04. (Titus, Roger)

The following document(s) are associated with this transaction:

**8:03-cv-2441 Notice will be electronically mailed to:**

Mark A Freeman    mafreeman@erols.com, freemanlaw@erols.com

Thomas R Freeman    tfreeman@erols.com, freemanlaw@erols.com

Lawrence E Laubscher    llaubscher@laubscherlaw.com

Martin Leo Vedder    freemanlaw@erols.com

**8:03-cv-2441 Notice will not be electronically mailed to:**

5/25/04



