UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | BANKRUPTCY CASE NO. |
| | § | |
| SUPPLEMENTSPOT, LLC, | § | 06-35903 |
| DEBTOR | § | Chapter 11 |
| | § | |
| YOUNG AGAIN PRODUCTS, INC. | § | |
| | § | ADVERSARY NO. 07-3019 |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SUPPLEMENT SPOT, LLC, | § | |
| MARCELLA ORTEGA, and | § | |
| JOHN ACORD a/k/a JOHN LIVINGSTON | § | |
| | § | |
| Defendants. | § | |

YOUNG AGAIN PRODUCTS, INC'S OPPOSITION TO
JOHN ACORD'S MOTION FOR A STAY OF PROCEEDINGS
PENDING COMPLETION OF CRIMINAL INVESTIGATION

**TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE**:

Plaintiff Young Again Products, Inc., by its attorneys, hereby files this Opposition to John Acord's Motion for a Stay of Proceedings Pending Completion of Criminal Investigation (the "Motion"), and as grounds in support thereof, Plaintiff states as follows:

1.      It has now become evident that Mr. Acord will go to any lengths to avoid defending this case on the merits.  In his latest effort to prevent the Plaintiff from prosecution of its legitimate claims against him for bankruptcy fraud and civil conspiracy, Mr. Acord is now attempting to block this litigation on the basis of a phantom criminal proceeding.  Just as with Mr. Acord's other filings in this matter, Mr. Acord's latest motion is specious and must be denied under prevailing law.

1

2.     Under the law of the 5th Circuit, "though a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding, "[s]uch a stay contemplates *'special circumstances'* and the need to avoid 'substantial and irreparable prejudice'." *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983) (emphasis added) [quoting *SEC v. First Fin. Group of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. Oct.1981)].

> [I]in deciding whether to grant a request to stay the civil side of **parallel civil/criminal proceedings**: Judicial discretion and procedural flexibility should be [used] to harmonize the conflicting rules and to prevent the rules and policies applicable to **one suit** from doing violence to those pertaining to **the other**. In some situations it may be appropriate to stay the civil proceeding. In others it may be preferable for the civil suit to proceed-unstayed.

*SEC v. Mutuals.com, Inc.,* 2004 WL 1629929 at *2 (N.D.Tex. July 20, 2004) (Fitzwater, J.) (emphasis added)[citing *United States v. Gieger Transfer Serv., Inc.,* 174 F.R.D. 382, 385 (S.D.Miss.1997) (in turn quoting *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962) (citation and internal quotation marks omitted)].

3.     Implicit in the above rulings is the existence in the first instance of a "parallel criminal proceeding."

4.     Accordingly, even if Mr. Acord was under some form of criminal investigation by a government agency, as discussed below, such an investigation would not amount to a "parallel criminal proceeding" sufficient to warrant a stay.  Recent legal decisions addressing this very issue indicate that, at a minimum, Mr. Acord must show this Court that the criminal matter has "substantially progressed **beyond the investigatory stage** to the filing of formal charges against [him], so that there is an imminent likelihood that [he] will be subject to a criminal proceeding, including a trial, in the very near future." *Parker v. Dawson*, 2007 WL 2462677 (E.D.N.Y., August 27, 2007, slip copy) (emphasis added); *see also S.E.C. v. Treadway,* 2005 WL 713826, at *3 (S.D.N.Y. 2005) (staying a civil proceeding where "formal criminal charges have been

brought" against a defendant, and noting that "[c]ourt[s] generally decline to stay civil proceedings when a related criminal matter is still in the investigatory stage"); *JHW Greentree v. Whittier Trust Co.,* 2005 WL 1705244, at *1 (S.D.N.Y. 2005) ("[T]he difference between being a 'target' of an investigation and indicted weighs significantly against the granting of a stay.").

5.        Indeed, courts in this Circuit look to see if an indictment has issued in the "parallel criminal proceeding."  *See, e.g.*, *Heller Healthcare Finance, Inc. v. Boyes*, 2002 WL 1558337, at *3 (N.D. Tex. 2002) ("a stay is most appropriate where the party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved."); *Frierson v. City of Terrell*, 2003 WL 21355969, at *3 (N.D. Tex. 2003) (same).

6.        Applying the above precedent, Mr. Acord's motion must be denied.  He has not proffered any evidence to this Court that formal criminal charges have been brought against him, much less an indictment.  Barring evidence of this nature, there is simply no basis to stay this civil proceeding.

7.        Even if the law were otherwise, *i.e.*, weighing in favor of a stay when a party is merely a target of an investigation, Mr. Acord has failed to proffer any admissible evidence indicating that he actually is a target of any investigation.  Many of Mr. Acord's exhibits are unfounded writings from third parties who are not available for cross-examination on their purported statements, and as such, these writing are clearly not admissible under the Hearsay Rule.  *See* Acord exhibits 4-8, 9e, and 9g; *see* FRE 801(c).  Moreover, even if these third parties were to appear and testify, a lone statement of belief offered by a third party who has no

authority to speak on behalf of the investigating body or, alternatively, has no documented evidence of the existence of a criminal investigation, constitutes wholly insufficient evidence on which to conclude that such an investigation is truly ongoing.

8.      What's more, as for Mr. Mason's emails, while they certainly are emotionally charged, when read in context, it is evident that the emails contain statements of one individual's opinion and belief only and cannot by themselves support any conclusion that John Acord is presently under criminal investigation.  In fact, despite all of John Acord's accusations, he has proffered only a single email from Mr. Mason (written over seven (7) months ago), which expressly mentions any ongoing criminal investigation, but even in this instance, Mr. Mason does not make a statement but rather asks the recipient a question; "did he [John] tell you the FBI is now investigating him for bankruptcy fraud?"  This question is immediately followed by a clear statement of opinion; "we **feel** he is going to jail for the third and LAST time."  *See* Acord exhibit 1 (emphasis added).  Given that 7 months have past since this email was written and Mr. Acord still cannot proffer to this Court any corroborating evidence whatsoever showing that the FBI has him under investigation, Mr. Mason's email provides little probative evidence of the truth of the matter.

9.      While some of the other Mason emails identified by Mr. Acord (all of which predate this Court's June 2007 Order concerning Mason's emotionally charged email communications, and all of which have since ceased), indirectly suggest the existence of a criminal investigation by stating that Mr. Acord and those associated with him are going "to jail", when read in context, it again becomes clear that these emails do not and cannot alone support the actual existence of a criminal investigation.  When read in their entirety and when viewed in the context of a four-year legal battle in three jurisdictions, in which Mr. Mason truly

believes that John Acord's conduct has not only been fraudulent but also criminal in nature and that he and his business were the victims of Mr. Acord's conduct, it is not surprising that Mr. Mason would have written that John Acord and his family (given that the Debtor is a family run business) will ultimately be brought to justice.  Indeed, in legal proceedings in this Court and in related legal proceedings in the federal courts in both Maryland and Utah, the presiding judges also have openly noted their concerns regarding Mr. Acord's conduct.  During its February 9, 2007, hearing on Plaintiff's Expedited Motion for Contempt against Acord for violations of this Court's Temporary Restraining Order issued on December 4, 2005, this Court reached the following conclusion (as stated from the bench):

> Basically, what I've got here is an individual who is trying to crawfish his way through life, in my judgment, at least through this issue, by hiding behind his attorney, and then not coming in my courtroom and disclosing to me information that clearly related to that TRO.  So I don't find Mr. Acord particularly credible.  I don't like what he's done.  And I don't believe much of what he says.

*See* Transcript of Feb. 9, 2007 Hearing before Judge Bohm, at 108, attached as **Exhibit 1**.

Further, as stated by Judge Cassell (Dist. Utah) in his Order permanently enjoining the Debtor and Mr. Acord from using the Young Again domain names:

> Nutrition [the Debtor] contends that enjoining its predecessors, successors, and assigns is unreasonable.  The court disagrees.  Nutrition is a family business involving Ms. Ortega, Mr. Ortega, and Mr. Acord.  **Nutrition's and Mr. Acord's conduct leads the court to believe that enjoining Nutrition's predecessors, successors, and assigns is necessary.**  It appears from post-trial briefing that Nutrition and/or Mr. Acord may have contemplated transferring the domain names to a foreign entity outside the United States.  Additionally, **Nutrition did not initially list the domain names as assets on its bankruptcy schedules in the Texas bankruptcy proceeding, although in this case it now takes the position that it holds equitable ownership interests in the names**.[1]  Moreover,

---

[1]     As this Court may recall, it took very seriously the Debtor's assertion that it did not own any domain names:

> [I]f the debtor is ever in any forum saying that the debtor owns the URLs, it seems to me you can take my finding, as well as this pleading, and stand up and say, Your Honor, fraud.  They speak out of both sides of their mouth.

*See* Transcript of Hearing on the emergency motion to lift stay held on December 21, 2006, at p. 26, at **Exhibit 3**.

the judge in the Maryland sister case to this action has noted:

> My concern is that the defendant [Acord, Ortega, and the Debtor] is playing the bubble game, pushing a bubble down in one place that pops up in another.  **I've got to tell you I'm skeptical about the Netherlands site, the EU site, and to the extent that games are being played, I don't like that**.  But I think I have to follow the way the injunction is written, and so I treat the original moving papers filed in this case . . . in effect, a notice of violation.  . . . So insofar as the matter raised in the original motion . . . I would reluctantly deny the motion.
>
> [The plaintiff has] raised new issues . . . .  **On those I have seen enough to be concerned that with or without regard to whether the notice period has run . . . that the defendant's compliance with this injunction has not been a model for all to follow**.
> . . . .
> It's obvious that either by virtue of the purchase of the preferred position from Yahoo! and Google, or by virtue of the names being embedded in the web address of the defendant's entities that **he [Acord] continues to benefit from the use of these names, and it needs to stop.  It needs to stop now**.
> . . . .
> **I want the defendants to be on notice that it appears that at this stage that there are violations going on** through the use of the name with the terms embedded in it, and with respect to purchase positions when search terms are used that bring it to the number one position.
>
> When I go on to a web page and track down Chrysler, I don't expect to get Ford popping up when I'm looking for Chrysler.  But at this stage, with the record as limited as it is in developing the degree to which the defendant has been circumventing the letter or the spirit of this injunction, I'm not prepared to enter sanctions today, but I will make certain that its loudly and clearly on this record that I view the parameters of the existing injunction as more than adequate to address activities of the type that appear to have been identified in this hearing today.

**Given the actions in this case and the related case in Maryland**, the court concludes that enjoining Nutrition's predecessors, successors, and assigns is necessary.

*See* Court Order dated March 9, 2007 (emphasis added), attached as pp. 7-8 of **Exhibit 2**.

10.     However, the fact that Mr. Mason believes that Mr. Acord is engaged in criminal conduct and will ultimately be brought to justice does not make it so, and his statements in and of themselves should not be used against the Plaintiff to indefinitely shut down its legitimate claim for damages resulting from the alleged fraud and conspiracy by the defendants.  To do so would amount to a gross injustice to the Plaintiff, who has spent hundreds of thousands of dollars and the better part of the last four years in litigation with Mr. Acord in an effort to protect its trademarks and other intellectual property, and recover its damages incurred by the unlawful actions of the Debtor, Mr. Acord, and Marcella Ortega.  At the same time, Mr. Acord and the Debtor have reaped millions in profits by infringing the Plaintiff's trademarks while taking every measure possible to delay the prosecution of the various legal claims brought against them by the Plaintiff.  Despite these delay tactics, Plaintiff has been committed to pursuing its claims through these proper legal channels (in Maryland, Utah, and now in this court) and should not now be denied the only lawful recourse available to it.

11.     Moreover, it would be an affront to our entire judicial system if a defendant could effectively shut down legal proceedings indefinitely and immunize himself from civil prosecution the moment that the plaintiff (or a third party for that matter) suggests to anyone that the defendant is the subject of a criminal investigation.

12.     Most importantly, as initially argued above, even if Mr. Acord is the target of a criminal investigation, the prevailing law on this issue holds that the investigation must have advanced at least to the point of formal charges, if not an outright indictment, before Mr. Acord's Motion for Stay would be ripe for consideration by this Court.

WHEREFORE, Plaintiff respectfully requests that Mr. Acord's Motion for a Stay of Proceedings Pending Completion of Criminal Investigation be denied.

Respectfully submitted,

/s/ Margaret M. McClure
_____

MARGARET M. MCCLURE
SBN 00787997
909 Fannin, Suite 3810
Houston, Texas 77010
(713) 659-1333
(713) 658-0334 (facsimile)
Email:  McClureMar@aol.com

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was either electronically mailed for mailed by U.S. mail to Randall A. Rios, Robert Singer and John P. Acord this the 7th day of November, 2007.

/s/ Margaret M. McClure
_____

MARGARET M. MCCLURE