IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
AT HOUSTON, TEXAS

| | | |
|---|---|---|
| IN RE: SUPPLEMENT SPOT, LLC,<br>DEBTOR, | §<br>§<br>§ | CASE NO. 06-35903<br>CHAPTER 11 |
| YOUNG AGAIN PRODUCTS, INC.,<br>Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | ADVERSARY NO. 07-3019 |
| SUPPLEMENT SPOT, LLC, ET AL,<br>Defendants, | §<br>§<br>§ | |

**DEFENDANT, JOHN ACORD'S, MOTION TO COMPEL DISCOVERY
AND DEPOSITIONS AND TO ENLARGE TIME FOR COMPLETION OF DISCOVERY**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:

COMES NOW, the Defendant, John Acord ("ACORD"), and files this his Motion for the entry by this Court of an order compelling discovery and depositions in this case and enlarging the time within which discovery may be completed by the parties and, in support of said motion, would respectfully show unto the Court the following:

**BACKGROUND FACTS**

I.

1. Previously in September of 2007, Defendant, John Acord, who was acting in propria persona at the time, served a Request for Production on Plaintiff, Young Again, through its counsel, Margaret McClure. That Request for Production directed Plaintiff, Young Again, to produce the records requested at the office of Plaintiff located at 1919 Cattle Drive, Magnolia, Texas so they could be "inspected" and then "copied" in accordance with Federal Rules of Civil Procedure 34(b).

2. This production was never made in accordance with Defen-

1

dant Acord's discovery request. Instead, Defendant Acord received correspondence from Plaintiff's attorney McClure offering to:

> ...send copies of all responsive documents to (her) office provided you pay the costs of transportation and copying. (And stating)... I understand you made the Freemans come to Houston in the Maryland case to inspect documents instead of sending them up to Larry L. for inspection...

on November 29, 2007. Defendant Acord wrote a response to McClure's November 29, 2007 letter on the same date stating:

> Yes, I will pay. That is fine with me. I will pay for the transportation and copying. Let me know when they are available.

The records Defendant Acord requested have never been made available to his counsel, nor were they ever mentioned from the time Defendant's current counsel made his appearance as Defendant Acord's counsel in the contempt action on January 11, 2008 until Defendant Acord's counsel wrote a letter demanding production of same.

    3. In December, 2007, Trustee, Ben Floyd, through his counsel, Randall Rios, served a Notice of Deposition on Plaintiff, Young Again, directing Young Again to produce its Chief Executive Officer, Roger Mason for deposition. The Trustee's Notice of Deposition served on Young Again contained a subpoena duces tecum. Mason appeared at the date and time set for his deposition, but refused to produce any documents, claiming he had had inadequate notice of document production and was demanding thirty days prior notice of any document demands before he would produce.

    4. Mason's deposition ended, more than thirty days passed

after the Trustee's subpoena had been served, yet no documents were forthcoming.

5. After reading the depositions and reviewing the file in this case including Defendant Acord's pro se discovery demands and Plaintiff, Young Again's, alleged responses thereto, Defendant's counsel wrote a demand letter to attorney McClure, Plaintiff, Young Again's, counsel demanding immediate production of the documents requested by Acord and the documents subpoenaed by the Trustee.

6. Plaintiff, Young Again's, counsel produced no documents requested by Defendant Acord, but, instead claimed they were owed $800 for transportation and copying expenses before they had any duty to produce. Neither attorney McClure nor attorney Freeman ever responded to Defendant Acord's demand for production of the documents under the Trustee's subpoena. Instead, the Trustee's counsel received a box of documents plus two CD's a few days later after Izen's demand. When the Trustee attempted to open the CD's, he was unable to do so. The documents in the box were unorganized and there was no indication of which documents corresponded with which subpoena request. The Trustee's counsel forwarded the CD's to a computer expert who informed him that they were unreadable. No further discovery or production was received from Plaintiff, Young Again, or its counsel until Defendant Acord's counsel Izen notified these counsel that he intended to file a Motion to Compel and served four Notices of Deposition requiring the depositions of party witnesses, Roger Mason, Ivey Mason, and witnesses, Jane Batts King, and Vickie Pitts. After

these notices of Depositions were served and the depositions were scheduled for April 4, 2008, Defendant Acord's counsel spoke with Randy Rios concerning the depositions and asked once more whether the Trustee's counsel had received readable copies of the CD's. Attorney Rios responded, "No." Realizing that Plaintiff did not intend to produce the documents subpoenaed by the Trustee or requested by Defendant Acord before the deposition of Roger Mason or Ivey Mason, or the other witnesses, Defendant Acord's counsel served written notice on all attorneys of record that the depositions noticed by Defendant Acord were cancelled.

7. A true and correct copy of the series of letters exchanged between attorney Freeman, attorney Izen, attorney McClure, and Defendant, John Acord, acting pro se, are attached hereto as Exhibits A and B. A true and correct copy of Defendant, John Acord's Request for Production is attached hereto as Exhibit C. A true and correct copy of Izen's letter demanding production from the Plaintiff is attached hereto as Exhibit D. Plaintiff, Young Again, through its counsels, Freeman and McClure, apparently insist that they have the unilateral right to determine what is a reasonable place for the making of the production sought by Defendant Acord under his Request for Production and that they can produce documents without any organization or accompanying indication of how or why each document produced corresponds with a specific discovery request. Defendant Acord's counsel Izen has been "informed" by the Trustee's counsel that the Trustee has received additional CD's from Plaintiff, Young Again, on Monday, March 31, 2008. Defendant Acord's counsel was

informed by Defendant Acord that the CD's contain three thousand pages of unorganized financial documents representing transactions of the Debtor (Supplement Spot) with Paypal and Washington Mutual. Even if the CD's have now been opened, Defendant's counsel would not have had adequate time to open the CD's, review the digitally recorded documents contained on the CD's, analyze them for relevance, and be ready to use same at the August 4, 2008 depositions which were previously noticed.

8. Plaintiff's final response to Defendant Acord's effort to obtain the requested production is attached as Exhibit E. While attorney Freeman claims:

> It is not reasonable to require the responding party to ship thousands of pages of original documents half-way across the country to Mr. Singer's offices in Texas. The risk of loss or damage in transit is too great.

there is no proof in this record that Plaintiff, Young Again, has maintained "thousands of records" relevant to Defendants unsatisfied document requests which would have to be shipped for Defendant Acord's inspection. Neither attorneys McClure or Freeman, nor anyone else associated with Plaintiff, Young Again, ever provided any documentation to Defendant Acord or, later, to his counsel, stating the number of pages of records that would need to be reviewed, the amount of relevant pages which would have to be copied, or the cost of transportation. Defendant Acord thoroughly exhausted all reasonable efforts to resolve the discovery disputes outlined above before bringing this motion. Despite the fact that Plaintiff, Young Again, filed suit in the Southern District of Texas, has prosecuted this action as an Adversary, and purports to claim direct damages in this case against the

5

Debtor, Supplement Spot, as well as Defendants, John Acord and Marcella Ortega, not one document supporting the basis of Plaintiff, Young Again's, alleged damages has yet to be produced despite the fact that this case has been pending since February of 2007. Attorney Freeman "determined" that the production of documents in the Southern District of Texas where Plaintiff filed suit was unreasonable. Attorney Freeman, as noted in Defendant Acord's letter citing In Re: Dow Corning (Exhibit D) could not unilaterally amend the place for production stated in Defendant Acord's Request. Defendant Acord has never refused to pay the costs of copying of any records which are relevant to his Document Requests. Neither Plaintiff nor its counsel have the right to extort money from a Defendant who requests documents without providing a breakdown of the number of pages to be copied and the specific cost of transportation. Contrary to attorney Freeman's claims, in the absence of Bate stamped documents prepared for production, or some other reliable basis of determining the costs of production and transportation, parties are not free to demand arbitrary sums of money before they make production.

9. Plaintiff has no valid excuse for its failure to timely produce readable documents subpoenaed by the Trustee. Plaintiff's continuing failure to do so forced Defendant Acord to cancel depositions which he scheduled in an effort to meet this Court's April 14, 2007 discovery deadline.

10. Plaintiff's counsel, Margaret McClure, complained that Defendant Acord had not verified his interrogatory answers based on personal knowledge. Realizing that attorney McClure was

"setting up" Defendant Acord for another Motion for Sanctions through her communications, Defendant Acord's counsel immediately contacted Defendant Acord and obtained a copy of the verification Defendant Acord had used. A true and correct copy of that verification is attached hereto as Exhibit F. After reviewing Exhibit F, Defendant Acord's counsel drafted a verification form "based on personal knowledge" for Defendant Acord, submitted the form to Defendant Acord to execute, and served a full copy of the Answers to Interrogatories, verified on personal knowledge by Defendant Acord, on attorney McClure in an effort to avoid her "meet and confer" threat. Imagine Defendant Acord's counsel's surprise when, after he demanded to know where Acord got the defective verification, Defendant Acord produced emails from Attorney McClure providing him the verification used by Roger Mason to answer his interrogatories. Plaintiff's counsel served Answers to Interrogatories on Defendant Acord on November 21, 2007 containing the same objectionable language which attorney McClure condemned and wanted changed! A true and correct copy of Roger Mason's verification from his interrogatory answers is attached to this motion and marked Exhibit G. Clearly, Defendant Acord did not inject the "on knowledge and belief" or "information and belief" gag into this case. This bad faith tactic was utilized by the Plaintiff's executive Roger Mason or whoever drafted his verification and Defendant Acord, acting pro se, copied it in his ignorance. In any event, Defendant Acord does not have time to "meet and confer" with Plaintiff's attorney's concerning this discovery defect. This Court should enter an

order requiring Plaintiff, Young Again, to execute a proper verification of its discovery responses and interrogatories, in compliance with Rule 33(b) Federal Rules of Civil Procedure instanter, upon its ruling on this motion.

11. Based on all of the above facts, and the authorities submitted herewith, Defendant Acord moves this Court to enter orders compelling the production of the documents requested by Defendant Acord in Defendant Acord's pro se Request for Production, and all the documents subpoenaed by the Trustee from the Plaintiff in the form and with the content and organization required by Rules 33 and 34 of the Federal Rules of Civil Procedure, at a date and time certain to be set by this Court. Defendant Acord further moves this Court to enter an order setting the depositions of Young Again's corporate executives, Roger Mason (President), and Ivey Mason (Vice President) and witnesses, Jane Batts King and Vickie Pitts, on a date and time which will allow Defendant Acord's counsel and counsel for the trustee to have meaningful discovery before taking, retaking, and/or attempting to complete such depositions. Defendant Acord also moves this Court for the entry of an order awarding him his reasonable costs against the Plaintiff for the necessity of the filing, preparation, and presentation, of this motion.

## LEGAL ARGUMENT AND AUTHORITY

### II.

**1. DEFENDANT ACORD SPECIFIED A REASONABLE PLACE AND TIME FOR PRODUCTION OF PLAINTIFF'S RECORDS.**

Plaintiff claims in its Adversary Complaint that it has suffered hundreds of thousands dollars, if not millions in dam-

ages based on Debtor's Bankruptcy filing. Surely Plaintiff's counsel and the Plaintiff performed the "adequate" factual and legal investigation required by Rule 11, Federal Rules of Civil Procedure, prior to filing the Adversary suit against Defendants and the Trustee. Yet since September, 2007, neither Plaintiff nor its counsel have produced one shred of evidence which would support an award of damages based on any cognizable legal claim under Federal Bankruptcy law or applicable state law. Both the Trustee and Defendant Acord demanded production of the documents and evidence on which the Plaintiff's damages claims are based. Defendant Acord designated the place for production of the documents demanded in his Request as follows:

> John Acord
> 1919 Cattle Drive
> Magnolia, Texas

Plaintiff, through its attorney Freeman, wrongly claimed when contacted by Defendant Acord's counsel Izen, that any inspection of documents had to be performed at Young Again's place of business. Later, Freeman's claim morphed into an argument that it was "unreasonable" to force Plaintiff, Young Again, to transport thousands of documents to Houston, Texas. Plaintiff's counsel Freeman and McClure demanded payment of $800 for "copying and transportation" without providing Defendant or his counsel with any Bate stamped, and/or itemized list or description of the "thousands of pages" of documents which they claimed they intended to copy and transport.

As stated in In Re: Dow Corning Corporation, Case No. 95-20512 (E.D.Mich. 2000), Plaintiff and his counsel are not free to

amend the place for production of the records requested by the Defendant to suit their fancy. Plaintiff, Young Again, elected to sue Defendant Acord in this forum. Defendant Acord's demanded in his Request for Production of Documents that the documents requested be produced by Plaintiff at the offices of John Acord, 1919 Cattle Drive, Magnolia, Texas. Despite having been provided with Defendant Acord's demand for production of the documents which cited <u>Dow Corning</u>, Plaintiff's counsel ignored the teachings of that case and, instead, cited other authorities in a follow up letter which it claimed gave it the right to unilaterally amend Defendant Acord's production request and to designate the situs of production. See Exhibit E. An examination of all of those cases reveals that only two of the decisions awarded transportation costs for documents to a responding party and that those parties were Defendants who had been sued by a Plaintiff that was requesting production of the documents in the forum within which Plaintiff had chosen to file suit. The authorities which Plaintiff claims to rely on and wants "reconsidered" by the Defendant do not support Plaintiff's claim that Plaintiff, as the responding party, may redesignate the place for production specified in Defendant Acord's Request based on its unsubstantiated claim that it is producing thousands of pages of documents relevant to Defendant Acord's requests. Nor do such authorities support Plaintiff's claim that it can force the requesting party to pay an arbitrary amount ($800) for copying and transportation of documents which the Defendant has never seen without a description of the documents to be copied and a delineation of the

10

specific amounts for copying and transportation which the Plaintiff claims it has incurred. Plaintiff, Young Again, has produced no proof that the place of production specified by the Defendant in Defendant's Request for Production is unreasonable.

Plaintiff claims undue burden and expense in meeting Defendant Acord's discovery demands. Under Rule 26(c) Federal Rules of Civil Procedure, discovery should be allowed, despite Plaintiff, Young Again's, claims here of undue burden and expense:

> Unless the hardship is unreasonable in the light of the benefits to be secured from the discovery.

Wright, Miller, and Marcus, Federal Practice and Procedure, Section 2214, P. 435 (1994).

This Court should enter an order compelling Plaintiff to produce all the documents in its possession, custody, and control, demanded in Defendant's First Request for Production in the manner required by Rule 34. This Court should impose an award of costs and attorney's fees against the Plaintiff, Young Again, for the necessity of the preparation, filing, and presentation, of this Motion.

2. **THE "AGREEMENT" ALLUDED TO BY PLAINTIFF'S COUNSEL PURPORTEDLY ENTERED INTO BY DEFENDANT ACORD FOR PAYMENT OF TRANSPORTATION AND COPYING COSTS WAS A MERE EXCHANGE OF LETTERS SINCE PLAINTIFF, YOUNG AGAIN, NEVER PROVIDED A DESCRIPTION OF THE DOCUMENTS TO BE COPIED, THE NUMBER OF PAGES TO BE COPIED, THE SPECIFIC COPYING COST PER PAGE, WHICH PLAINTIFF PROPOSED TO CHARGE, AND THE ALLEGED TRANSPORTATION COST OF SUCH DOCUMENTS.**

In an effort to prove the existence of an agreement waiving Defendant Acord's rights to production of the documents, Defendant Acord requested at the place Defendant designated in his Request for Production, Plaintiff's attorney Freeman produced two

letters. These emails exchanged between Plaintiff's attorney McClure and Defendant Acord (while acting pro se) reflect a demand by Plaintiff's counsel McClure that Defendant Acord pay the costs of copying and transportation of documents, and a statement from Defendant Acord that he would pay for transportation and copying. If these two letter were a proposed agreement the agreement was never consummated. Plaintiff, Young Again, demanded the payment of $800 from Defendant Acord without providing any detailed list of the number of copies Plaintiff proposed to make of the relevant documents, the description of the relevant documents, and the actual cost of transportation.

While Plaintiff claims now that thousands of pages of documents would have to be transported cross country in response to Defendant Acord's Request for Production, Plaintiff never produced proof that the payment of $800.00 would cover the costs of the copying and transportation of thousands of pages of documents. As stated in Dew v. Thirty Ninth Street Realty, 99 Civ. 12343 (S.D.N.Y. 2001), Plaintiff's complaints of burden and overbreadth are unsupported.

The costs of responding to discovery demands are generally paid for by the responding party and, in the absence of any showing of extraordinary burden or other good cause for deviating from that Rule, the Court will not shift costs. Brasco, Inc. v. Klipo, 99 Civ. 3014 (S.D.N.Y. 2004). Citing Zubulake v. Keple UBS Warburg, LLC, 216 F.R.D. 280, 283 (S.D.N.Y. 2003). (Noting that the presumption is that the responding party must bear the expense of complying with discovery requests, and that cost-

12

shifting is generally only appropriate when the requests run afoul of Rule 26(b)(2) and only for good cause shown). <u>Brasco</u>, a case cited by Plaintiff, lends no support to Plaintiff's arguments. Under <u>Brasco</u> and <u>Zubulake</u>, a Plaintiff claiming Defendant's place for production is unreasonable bears the burden of proving that claim. Plaintiff, Young Again, will be unable to do so on this record.

While Plaintiff's counsel Freeman claims that Plaintiff, Young Again, has already copied the documents in question at great expense to Plaintiff, Plaintiff, Young Again, is entitled to no other expenses other than copying costs. Furthermore, if Plaintiff, Young Again, actually organized and labelled the documents in question in compliance with Rule 34, it should have provided Defendant Acord with a list of the number of pages of relevant documents along with the copying costs per page and the cost of transportation. <u>Cardenas v. Dorel Juvenile Group, Inc.</u>, Civil Action No. 04-2478 (Kan. 2005). As stated in <u>Williams v. Taser International, Inc.</u>, (N.D. GA, 2006), it is impossible to determine whether the documents responsive to Defendant Acord's Requests for Production are as voluminous as Plaintiff claims since Plaintiff has never identified them. Indeed, the only documents produced to the Trustee were on CD's which hardly justifies an $800 copying and transportation cost even if copied and sent twice instead of once.

3. **DEFENDANT ACORD NEED ONLY PAY THE COSTS FOR COPYING RELEVANT DOCUMENTS.**

Contrary to Plaintiff's claims, Defendant Acord is not required to pay the costs of copying of documents provided by

13

Plaintiff which are not relevant to his Request for Production.

While Federal Rule of Civil Procedure Rule 34 contemplates that the requesting party must pay for copies which are relevant to his request, the responding party must pay the costs of searching and analyzing the documents in its possession, custody, and control, in order to "find" the relevant documents which must be produced.

**4.   INTERROGATORY ANSWERS MUST BE VERIFIED BASED ON PERSONAL KNOWLEDGE.**

All interrogatory responses must be signed under oath by the party making them. <u>Wagner</u> <u>v.</u> <u>Drivit</u> <u>Systems,</u> <u>Inc.</u>, No. 4:00-CV-3072 (Neb. 2001).  Fed. R. Civ. Pr. 33(a).

**PRAYER**

WHEREFORE, ABOVE PREMISES CONSIDERED, Defendant, John Acord prays that this Honorable Court entertain this motion and, after due consideration of same, that this Court enter its Order:  (1) compelling Plaintiff, Young Again, to produce all documents in its possession, custody, and control, responsive to Defendant Acord's Requests for Production and the Trustee, Ben Floyd's, Subpoena in full conformity with the requirements of Rule 34, Fed. R. Civ P., at a date and time certain; (2) compelling Plaintiff, Young Again, to provide a description of the number of pages of documents, the copying costs of such documents, and the alleged transportation costs of such documents, which it claims supports its demand for payment of $800.00 by the Defendant; (3) compelling the Plaintiff, Young Again, to produce the documents responsive to Defendant Acord's Request for Production at the offices of Robert Singer, counsel for Marcella Ortega, at Mr.

Singer's address which is on file as part of his appearance in this case; (4) compelling the Plaintiff, Young Again, to execute and serve proper answers to Defendant Acord's written interrogatories with verification, under oath, based on personal knowledge, in compliance with Rule 33, Federal Rules of Civil Procedure, instanter, or on such date and time as the Court deems just; (4) setting the time and place for the taking of the depositions of the corporate agents and executives of Plaintiff, Young Again, Roger Mason and Ivey Mason, and witnesses, Jane Batts King and Vickie Pitts; (5) granting a reasonable extension of the discovery deadline in this case so as to allow ample time for receipt of discovery and production from Plaintiff, Young Again, and to enable Defendant Acord's counsel sufficient time to utilize such discovery in the taking and completion of the depositions requested; (6) awarding reasonable costs and attorney's fees against Plaintiff, Young Again, under Rule 37 for the necessity of the preparation, filing, and presentation of this motion; and (7) awarding Defendant Acord such other and further relief, both in law and in equity, to which he may show himself to be justly entitled.

                                      Respectfully submitted,

                                      S/ Joe Alfred Izen, Jr.

                                      _____
                                      Joe Alfred Izen, Jr.
                                      Attorney for Defendant
                                      5222 Spruce Street
                                      Bellaire, Texas   77401
                                      (713) 668-8815
                                      (713) 668-9402 FAX

## CERTIFICATE OF CONFERENCE

This Motion IS OPPOSED.

                                        S/ Joe Alfred Izen, Jr.

                                        Joe Alfred Izen, Jr.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to the following parties by electronic transmission on the 3rd day of April, 2008:

| | |
|---|---|
| Margaret M. McClure,<br>909 Fannin, Suite 3810<br>Houston, TX 77010 | Ellen Maresh Hickman<br>US Trustee<br>515 Rusk St., Suite 3516<br>Houston, Texas 77002 |
| Randall A. Rios<br>Munsch Hardt Kopf<br>700 Louisiana, Suite 4600<br>Houston, Texas 77002-2732 | Robert Singer<br>4550 Post Oak Place, Suite 175<br>Houston, Texas 77027-3134 |

                                        S/ Joe Alfred Izen, Jr.

ACORDISC.M2C/TK402                       Joe Alfred Izen, Jr.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
AT HOUSTON, TEXAS

| | |
|---|---|
| IN RE: SUPPLEMENT SPOT, LLC,     § <br>     DEBTOR,                            § <br>                                             § <br> YOUNG AGAIN PRODUCTS, INC.,     § <br>     Plaintiff,                      § <br>                                             § <br> VS.                                           § <br>                                             § <br> SUPPLEMENT SPOT, LLC, ET AL,    § <br>     Defendants,                  § | CASE NO. 06-35903 <br> CHAPTER 11 <br><br><br><br><br> ADVERSARY NO. 07-3019 |

<u>**ORDER ON**</u>
<u>**DEFENDANT, JOHN ACORD'S, MOTION TO COMPEL DISCOVERY**</u>
<u>**AND DEPOSITIONS AND TO ENLARGE TIME FOR COMPLETION OF DISCOVERY**</u>

BEFORE the Court on this the ___ day of April, 2008, came on to be heard the Motion of the Defendant, John Acord, to Compel Discovery and Depositions and to Enlarge Time for Completion of Discovery and the Court, after due consideration of same, is of the opinion that the Motion SHOULD / SHOULD NOT BE GRANTED. It is therefore;

ORDERED that Plaintiff, Young Again, IS / IS NOT DIRECTED to produce all documents in its possession, custody, and control, responsive to Defendant Acord's Requests for Production and the Trustee, Ben Floyd's, Subpoena at a date and time certain _____. It is further;

ORDERED that Plaintiff, Young Again, IS / IS NOT DIRECTED to provide a description of the number of pages of documents, the copying costs of such documents, and the alleged transportation costs of such documents, which it claims supports its demand for payment of $800.00 by the Defendant on or before _____ _____. It is further;

ORDERED that the Plaintiff, Young Again, IS / IS NOT DIRECTED to produce the documents responsive to Defendant Acord's Request for Production at the offices of Robert Singer, counsel for Marcella Ortega, at Robert Singer's address which is on file as part of his appearance in this case at 4550 Post Oak Place, Suite 175, Houston, Texas 77027-3134 on or before _____ _____. It is further;

ORDERED that the Plaintiff, Young Again, IS/ IS NOT DIRECTED to execute and serve proper answers to Defendant Acord's written interrogatories with verification, under oath, based on personal knowledge, in compliance with Rule 33, Federal Rules of Civil Procedure, instanter, or on such date and time as the Court deems just _____ _____. It is further;

ORDERED that the time and place for the taking of the depositions of the corporate agents and executives of Plaintiff, Young Again, Roger Mason and Ivey Mason, and witnesses, Jane Batts King and Vickie Pitts is set for _____ _____. It is further;

ORDERED that Defendant Acord IS / IS NOT granted a reasonable extension of the discovery deadline in this case so as to allow ample time for receipt of discovery and production from Plaintiff, Young Again, and to enable Defendant Acord's counsel sufficient time to utilize such discovery in the taking and completion of the depositions requested to and until _____ _____. It is further;

ORDERED that Defendant Acord IS / IS NOT AWARDED reasonable

costs and attorney's fees against Plaintiff, Young Again, under Rule 37 for the necessity of the preparation, filing, and presentation of this motion in the amount of $_____ to be paid by _____.

    SIGNED on this the \_\_\_\_ day of April, 2008.


                                        _____
                                        JUDGE PRESIDING