**IZEN & ASSOCIATES, P.C.**
**ATTORNEYS AT LAW**
**5222 SPRUCE STREET**
**BELLAIRE, TEXAS 77401**
Telephone: (713) 668-8815
Telecopier: (713) 668-9402

**Afton J. Izen, Lic.:**
S. Ct. Texas
U.S.D.C. (S. of Tex.)
U.S.C.A. (5, 9 Circuits)
U.S. Tax Court
U.S.D.C. (E. of Wisc.; Ariz.)

**Joe Alfred Izen, Jr., Lic.:**
S. Ct. U.S., S. Ct. Texas
U.S.D.C. (E. W. N. S. Tex.; Ark.; Ariz.)
U.S.C.A. (1. 2. 3. 4. 5. 6. 7. 8. 9.
10, 11, D.C., and F. Circuit)
U.S. Tax Court; U.S. Court of Claims

March 21, 2008

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Margaret Maxwell McClure, Esq.
909 Fannin, Suite 3810
Houston, TX  77010
margaret@mmmcclurelaw.com

RE:     In Re: Supplement Spot, LLC, Debtor, Ch. 11, No. 06-35903;
        Young Again Products, Inc., Plaintiff, v. Supplement Spot,
        LLC, Et Al, Defendants; Adv. No. 07-03019; Response to
        Thomas Freeman, Esq.'s March 5, 2008 Letter / Final Demand
        for Production of Documents For Inspection and Copying Prior
        to Filing Motion to Compel and for Sanctions

Dear Ms. McClure:

        On March 4, 2008  this office sent an email demanding pro-
duction within five days of the documents previously subpoenaed
by the Trustee's counsel, Randall Rios, and those documents
listed in Defendant, John Acord's, First Set of Request for
Production of Documents to Plaintiff, Young Again Products, Inc.
and its officers, Roger Mason and Ivey Mason, previously served
on Margaret M. McClure on October 9, 2007.   A true and correct
copy of that email is attached hereto, marked Exhibit A, and is
incorporated by reference for evidentiary purposes.

        Within   forty-eight   hours   thereafter   attorney   Freeman
"served" some documents on the Trustee's counsel Rios along with
two CD's.  The CD's could not be opened by the Trustee or the
Defendants.  You claimed, in an email, that my demand letter had
been "forwarded" to attorney Freeman for response.

        On March 5th, 2008 attorney Freeman sent this office an
email in which he referenced a purported agreement you allegedly
made with John Acord under which Mr. Acord (acting pro se at the
time) would pay you $800 for copying documents which would then
be forwarded to him, sight unseen, from Mr. Freeman's office.
Mr. Freeman claimed that the Plaintiff was "relying" on that
"agreement" and refused to Honor Defendant Acord's five-day
demand to produce the documents claiming, without citing any
legal authority:

EXHIBIT
D

As you know the Federal Rules of Civil Procedure, require only that a responding party make the documents available for inspection and copying at the respondent's place of business.

A true and correct of Mr. Freeman's email containing this claim is attached to this letter, marked Exhibit B, and is incorporated by reference for evidentiary purposes.

Contrary to Mr. Freeman's claims, I "don't know" that the Federal Rules of Civil Procedure require production of Young Again's records at its place of business or that Mr. Freeman or his client(s) can unilaterally amend the place for production designated in Defendant's request.

Defendant Acord's request for production required the documents be produced:

At the offices of John Acord, 1919 Cattle Drive, Magnolia, Texas  77354 within thirty days following service.

A true and correct copy of that Request for Production is attached to this letter, marked Exhibit C, and is incorporated by reference in this demand for evidentiary purposes.

In In Re: Dow Corning Corporation, Case No. 95-20512 (E.D.Mich. 2000), the Court rejected the same discovery ploy with the following admonition:

Federal Rule of Civ. P. 34(b) provides ground rules for making documents available for inspection. With regard to the place of inspection, the Government argues that Rule 34(b) merely requires the producing party to make the documents available at the place where such documents are kept in the ordinary course of business...but this is not what Rule 34(b) provides.  The Rules states that the producing party 'shall produce' (the documents) as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request...This statement plainly goes to the manner of production, not the place of production.  See 7 Moore's Federal Practice, § 34.13[3] at 34-77.  (This language ' was added in 1980 as the result of a concern that parties too often deliberately mix critical documents with others in an attempt to obscure their importance' and was, thus, intended to 'prohibit' a party from simply producing a mass of responsive documents in bulk.)

**As for the place of production, Rule 34(b) requires that documents be made available for inspection at a reasonable place.**  See Fed. Rule of Civ. Procedure 34(b).  ('The request [for production of documents]

shall specify a reasonable time, place, and manner, of making the inspection....') In the present matter, the documents were to be produced pursuant to a court order. The order designated the place of inspection as the Office of the United States Counsel in Washington, D.C. Importantly, if the Government had felt this location was not reasonable and was impracticable, it could have and should have made its objection known when the designation was made on the record at the April 15, 1999 hearing. But it did not do so.

**A reasonable place for production of the documents is at the office of the requesting party or the requesting party's attorney.**

**'The request sets a reasonable time and place for production, specifying that the documents shall be produced within thirty days at the offices of the borrowers' lawyers.**

<u>Resolution Trust v. North Bridge Assoc.</u>, 22 F.3d 1198, 1201 (1st Cir. 1994).

Here, as in <u>Dow Corning</u>, Mr. Freeman's unilateral redesignation of the place where the documents demanded by Defendant Acord should be produced was:

Arguably designed to further frustrate the discovery process...

and has no basis in either law or fact. Over 120 days have passed without any meaningful discovery from the Plaintiff. All of the above actions seem taken in bad faith, especially so when coupled with the Defendant's prior production to Plaintiff of over nine boxes of requested or subpoenaed documents, the incessant filing of contempt motions complaining of lack of discovery, and the Plaintiff's recent claim of what seems to be excessive attorney's fees. Final demand is hereby made that all of the documents in the possession, custody, or control, of the Plaintiff fitting the descriptions contained in the Request for Production of Documents attached as Exhibit C be produced, for inspection and copying, at the offices of Marcella Ortega's attorney whose address is as follows:

Robert Singer
4550 Post Oak Place, Suite 175
Houston, Texas  77027-3134

within five days of the date of this letter. Failing which a Motion to Compel and for Sanctions will be filed which seeks an order compelling production of the documents described in this letter and seeking an award of attorney's fees and other appropriate sanctions.

Sincerely,

Joe Alfred Izen, Jr.

cc:   John Acord
      Robert Singer

ACORD.L2/TK40Z

mistakes
Montana Sp...
MrLandlord
My Websites
nopaypal
offertobuy...
offertosell
office
paid
Palm Software
Pantelas
pickupitem
RealEstate
ReinholdSo...
SaudivMal
Security B...
selocate
shanelauder
shipped
ShppingQue...
SimonsvObolon
SPARTAN
Stocktips
testers
Tiner
TomAntion
travelzoo
Treo650Inb...
typewriters
UBid.com
uksolicitor
unpaid
vernor
WNBA
wrongship
Search Results
Manage folders
Today
Mail
Contacts
Calendar

facing jurisdictional and venue challenges. In other words, plaintiff had little option but to file in Texas to protect itself and recover for the fraud that was committed against it.

Additionally, at this juncture, whether or not your client opts to pay for the costs of the copying and shipping, we have detrimentally relied upon your client's agreement to do so, and we now have a rightful claim to recover the $857.82 incurred in accommodating your client.

As for the documents responsive to the deposition notice issued by the Debtor, the federal rules still apply and our client is entitled to reimbursement of costs associated with copying and shipping. That said, most, if not all, of the documents responsive to the Debtor's document requests also were included in the production prepared for Mr. Acord, so there should be no additional charge for those.

Pursuant to the Federal Rules, we remain willing to ship the documents to the location of your choosing upon receipt of the costs. Please let us know how you wish to proceed.

Regards,

Thomas R. Freeman, Esq.
Freeman & Freeman, P.C.
One Church Street, Suite 200
Rockville, MD 20850

-----Original Message-----

From: Joe Izen <joeslowgo@hotmail.com>

Date: Tue, 4 Mar 2008 19:46:04

To:margaret mcclure <mccluremar@aol.com>, "margaret mcclure"<margaret@mcclurelaw.com>

Subject: Response to "Can't Understand Email" and Demand for Production

--------------

Dear Ms. McClure:

Your Response following this letter below is a classic setup letter. You clearly intend to file another motion for sanctions. My letter that you "don't understand" is an effort by Defendant Acord to satisfy any objections you have to his production before you prepare any motion, file it, and then try to get attorneys fees which weren't necessary in the first place.

    Let me make myself "perfectly clear". There were two items you interlineated in your last "receipt for production". One entry indicated you were dissatisfied because the original check book had not been produced. I wrote you immediately after I saw your interlineations and asked whether you were insisting on seeing the original check book - if so I would get it to you if I had to carry it over to you myself. I was laboring

EXHIBIT

under the misimpression that the original check book had not been produced when John Acord met you in the bottom of the bank building.

You did not respond to that letter but instead attempted to bring up the lack of a checkbook in support of your sanctions argument at the last attorneys fee hearing implying that John Acord had not produced the original checkbook.

The other "deficiency" you alluded to is the lack of enclosures with bank statements. These were not available to Acord directly and he has had to request them through third parties. I hereby place you on notice that Jeremy Barker has ordered these from his bank and I can produce a letter from him proving that he requested them from his bank at John Acord's request after John Acord agreed to pay for them and that they have not yet been provided by Barker's Bank. These facts can also be confirmed by Barker's Bank. Any further sanction motion filed by your client will be met with a Counter Motion for Sanctions which will contain supporting proof.

We originally agreed you could keep the original check book for 10 days. I wrote the letter to you inquiring whether you still wanted the original because you made the interlineation about it. Do you have a good faith basis for claiming that the copies of the check book are inaccurate? If so provide it. Is there some other reason that the copies are not as good for evidentiary purposes as the original.? If so describe it. Do you claim you weren't tendered the original check book for inspection and copying? If so say so. To avoid any dispute and basis for another one of Young Again's endless sanctions motions we will tender/retender the original check book.

Finally, if you have already subpoenaed and/or received Jeremy Barker's bank records you seek from John Acord is there any reason why his production was insufficient? Why can't we just agree to use those copies as the accurate bank records? I believe I can stipulate to their accuracy. We have not forced you to bring in witnesses to attest to Business Records that are not those of the Defendants even though that lack of objection may have assisted you in obtaining the recent contempt order from Judge Bohm based on failure to pay money. Defendant's intent (while I am representing him and am in control of this litigation) is to avoid engendering additional costs and to get to the merits.

Pursuant to the local rules requiring cooperation among the parties I will expect a detailed answer to this letter before any new filing of a sanctions motion related to the original check book or the enclosures along with an opportunity to provide the original check book for inspection and copying (Without any detailed response from you I intend to compare it with the copies to determine any  disparity between the copies and the original) and to produce proof (from Jeremy Barker and any other reliable source) as to whether and when the enclosures were produced and/or will be available.

My review of Young Again's so called discovery responses is not yet complete. The cost you want to impose of charging $800.00 to ship documents from Maryland to Houston is illegitimate. Your client chose to file this suit in Bankruptcy court here in Houston and must bear the cost of transporting the documents to Houston. Further I demand the documents be produced at a copying service such as Kinko's so that I can mark, and have copied, the documents which are relevant to the case (If Mr Mason or Mr. Freeman choses to deem the funny papers as relevant I don't intend to pay the cost for copying that document).

I demand that the production for copying be made at a mutually agreeable copying service at a mutually agreeable location. I suggest the Kinko's at Meyerland but will accept a location somewhere between your office and Westbury (I intend to attend the copying).

Finally I demand that the copying occur within five business days from today (the Documents to be produced were requested months ago) and that Mr. Rios's subpoenae on your client and Mason for Mason's deposition (which I rely on) be complied with and that any documents listed in the subpoenae which have not been produced be produced for inspection and copying at the same time.

Thank you for anticipated response and cooperation.


Sincerely,


Joe Alfred Izen Jr.

Attorney for Defendant

John Accord


Want to race through your inbox even faster? Try the full version of Windows Live Hotmail. (It's free, too.)

© 2008 Microsoft ┆ Privacy ┆ Legal                    Help Central ┆ Account ┆ Feedback





 WINDOWS LIVE™   Home   |   Spaces   OneCare   MSN

| Inbox | New | Reply | Reply all | Forward | Delete | Junk |

Junk

Drafts                    Move to                                                    Options

Sent
Deleted

### YAP, Inc. v. Supplement Spot, LLC et al.

afl programs

**From: Thomas Freeman** (tfreeman@erols.com)
Aldridge
**Sent:** Wed 3/05/08 2:44 PM
Anytime
**To:** joeslowgo@hotmail.com
Colon Audit      **Cc:** McClureMar@aol.com; 'Mark Freeman' (mafreeman@erols.com); 'Shannon
                  Brown' (freemanlaw@erols.com)
credit

Dr.StevenW...    Mr. Izen,

Ear and Eu...    Ms. McClure has forwarded your email from yesterday so that we may respond to your
                 discovery demands. As you know, the federal rules require only that a responding
EBAY FRAUD       party make the documents available for inspection and copying at the respondent's
EBOOKS           place of business. The law on this matter is well-settled. A number of federal courts
                 have addressed the issue of a responding party's obligation under Rule 34, and have
Electronic...    consistently ruled that if the requesting party elects to have the documents produced
EVANS v. US      at another location, the responding party is under no obligation to bear the costs of
                 copying and shipping and is entitled to reimbursement of same. Consistent with the
feedbck          federal rules, Mr. Acord was offered two options back in November of last year—
Fickert          either travel to the East Coast to review, select and copy documents; or we will
                 ship responsive documents to the location of his choice upon advance payment of all
FordTaurus       costs of copying and shipping.
Goldston
                 Mr. Acord elected not to travel, but wanted the documents delivered to Texas.
Gouveia          Accordingly, by email dated November 29, 2007, Mr. Acord agreed to pay for the cost
Greg Karl        of copying and for the transport of the documents. In reliance upon his Agreement,
                 we immediately commenced the copying of several thousand pages and prepared
Guitar           them for shipment. Indeed, in an effort to cut down on copy costs, we asked Mr.
Gurske           Acord if he wanted the copies of the Lynch documents (about 1500-2000 additional
                 pages) and he told us not to bother, so we kept them out of the production. The
HEAD             copying was completed over that weekend at a cost of $857.82, which our client paid
HO Racing        as a cost-advanced. The cost of the copying was forwarded to Mr. Acord on
                 December 3, and we requested that he send us a fed-ex number and the address for
itemsearch       shipping. We did not receive a response.
Izen v Cat...
                 Accordingly, the documents have been sitting here awaiting shipping for upwards of 3
IzenvTreas.      months, while we await reimbursement of the copy costs and receipt of a fed-ex
JohnChase        number for shipping. During this period, Mr. Acord made no effort to contact us about
                 this matter. Your recent inquiry to Ms. McClure concerning the documents was the
JudyCook         first communication we received about this issue since early December.
larry waller
                 We have reviewed your assertion that our client is obligated to pay for copying and
Lesikarv.Moon    shipping to Texas because it chose to file suit in the Southern District of Texas. Our
LibertyLand      research indicates that your argument has no legal merit and stands in
                 direct contravention of the requirements of Rule 34. Further, given that the fraudulent
lincoln          conduct occurred in Texas and involved the illegitimate use of the Bankruptcy Court in
MarstonvUS       Texas (where your client chose to commence the bankruptcy), and given that Mr.
mayervus         Acord resides in Texas, it would have been difficult to file the suit elsewhere without
Mercedes
Meredith

mistakes

Montana Sp...

MrLandlord

My Websites

nopaypal

offertobuy...

offertosell

office

paid

Palm Software

Pantelas

pickupitem

RealEstate

ReinholdSo...

SaudivMal

Security B...

selocate

shanelauder

shipped

ShppingQue...

SimonsvObolon

SPARTAN

Stocktips

testers

Tiner

TomAntion

travelzoo

Treo650Inb...

typewriters

UBid.com

uksolicitor

unpaid

vernor

WNBA

wrongship

Search Results

Manage folders

Today

Mail

Contacts

Calendar

facing jurisdictional and venue challenges.  In other words, plaintiff had little option but to file in Texas to protect itself and recover for the fraud that was committed against it.

Additionally, at this juncture, whether or not your client opts to pay for the costs of the copying and shipping, we have detrimentally relied upon your client's agreement to do so, and we now have a rightful claim to recover the $857.82 incurred in accommodating your client.

As for the documents responsive to the deposition notice issued by the Debtor, the federal rules still apply and our client is entitled to reimbursement of costs associated with copying and shipping.  That said, most, if not all, of the documents responsive to the Debtor's document requests also were included in the production prepared for Mr. Acord, so there should be no additional charge for those.

Pursuant to the Federal Rules, we remain willing to ship the documents to the location of your choosing upon receipt of the costs.  Please let us know how you wish to proceed.

Regards,

Thomas R. Freeman, Esq.
Freeman & Freeman, P.C.
One Church Street, Suite 200
Rockville, MD 20850

-----Original Message-----

From: Joe Izen <joeslowgo@hotmail.com>

Date: Tue, 4 Mar 2008 19:46:04

To:margaret mcclure <mccluremar@aol.com>, "margaret mcclure"<margaret@mcclurelaw.com>

Subject: Response to "Can't Understand Email" and Demand for Production

---------------

Dear Ms. McClure:

Your Response following this letter below is a classic setup letter.  You clearly intend to file another motion for sanctions.  My letter that you "don't understand" is an effort by Defendant Acord to satisfy any objections you have to his production before you prepare any motion, file it, and then try to get attorneys fees which weren't necessary in the first place.

   Let me make myself "perfectly clear".  There were two items you interlineated in your last "receipt for production".  One entry indicated you were dissatisfied because the original check book had not been produced.  I wrote you immediately after I saw your interlineations and asked whether you were insisting on seeing the original check book - if so I would get it to you if I had to carry it over to you myself.  I was laboring

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE NO. |
| SUPPLEMENTSPOT, LLC,<br>DEBTOR | 06-35903<br>Chapter 11 |
| YOUNG AGAIN PRODUCTS, INC.<br><br>    Plaintiff,<br><br>vs.<br><br>SUPPLEMENTSPOT, LLC,<br>MARCELLA ORTEGA, and<br>JOHN ACORD a/k/a JOHN LIVINGSTON<br><br>    plaintiffs. | ADVERSARY NO. 07-3019 |

## JOHN ACORD'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF YOUNG AGAIN PRODUCT'S INC AND ITS OFFICERS ROGER MASON AND IVEY MASON

Pursuant to Rule 7034 of the Federal Rules of Bankruptcy Procedure and Rules 34 of the Federal Rules of Civil Procedure, Defendant John Acord, hereby requests production from Plaintiff, YOUNG AGAIN PRODUCTS, ROGER MASON, IVEY MASON   (hereinafter collectively referred to as the "Plaintiff"), of the documents listed below.  The following instructions and definitions are to be followed in responding to these Requests.  Defendant requests that Plaintiff's responses be served, and the requested documents be produced, at the offices of  John Acord, 1919 Cattle Dr., Magnolia, YX 77354 within thirty (30) days following service.

### INSTRUCTIONS

1.  These requests are continuing in character, so as to require you to produce any further documents called for which you obtain after your initial production and before trial in accordance with Federal Rule of Civil Procedure 26(e).

EXHIBIT
C

2.  All documents produced pursuant to these requests are to be produced in the form, order and manner in which they are maintained in your files or shall be organized and labeled to correspond with the categories in the request.

3.  If any documents identified in response to these requests are in the possession of a third party, state the identity and location of the third party.

4.  Each reference to a company shall be deemed to refer to that company, and its parents, subsidiaries, and associated, affiliated, related or controlled companies, partnerships, divisions, departments, practices, or employees of companies.

5.  As to each document produced, specify each and every request to which it responds.

6.  If any documents requested were at one time in your possession, custody or control, but are no longer in your possession, custody or control, or in existence or have been lost, please state for each such document:  (a) the type of document; (b) the date upon which it left your possession, custody or control, ceased to exist or was lost; (c) the circumstances under which it left your possession, custody or control, ceased to exist or was lost; (d) the identity of all persons having knowledge of the circumstances under which it ceased to exist or was lost; (e) the identity of its last known custodian; and (f) the identity of all persons having knowledge of the contents thereof.

7.  Any document bearing on any sheet or side thereof any marks, including by way of illustration only and not by way of limitations, initials, stamped indicia, comments or notation of any character and not a part of the original text or any reproduction thereof, is to be considered a separate document for purposes of responding to the following requests for documents.

8.  In the event plaintiffs assert either attorney-client privilege or work product doctrine, or both, as to any document or thing being requested herein, then as to each such document and thing subject to such assertion, plaintiffs are requested to serve with its responses to these requests a written list containing an identification of the document or thing, such identification to include: the nature of the document, the sender, the author, the recipient, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter of such document in sufficient detail to permit the court to make a determination in the event of a motion asserting such privilege or doctrine under the Maryland Rules of Procedure and an indication of the basis for assertion of privilege or the like.

## Definitions

1.  "Document(s)" means writings and recordings, and other tangible things as defined in the broadest sense permitted by the Federal Rules of Civil Procedure and shall include, by way of illustration and not limitation, the original, and if the original is not available to be produced, a copy, as well as any and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but not limited to

correspondence, memoranda, notes, inter-office communications, diaries, minutes, statistics, letters, telegrams, email, contracts, reports, records, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, evaluations, pamphlets, books, prospectuses, pro formas, offers, notations of any sort of conversations, working papers, applications, instructions, permits, file wrappers, indices, post-it notes, telephone calls, printouts, teletypes, telefaxes, facsimiles, telexes, radiograms, telegrams, worksheets, accountant's working papers, financial statements, financial and accounting papers, advertisements, minutes of meetings, bulletins, policies, lists, transcripts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical or electric records or representations of any kind (including without limitation, video tapes, audio tapes, cassettes, discs, compact discs, DVD's, electronic and magnetic transcriptions, recordings).

2.      The "plaintiff" or "you", "your", means the plaintiff and or Roger Mason and Ivey Mason to whom these requests are addressed.

3.      "Person" includes natural persons, proprietorships, partnerships, firms, corporations, affiliates, subsidiaries, divisions, departments, groups, practices, associations, organizations, agencies, governing bodies, boards, trusts, institutions, and schools.

4.      "Entity" includes all "Persons" as defined above, with the exception of natural persons.

5.      "Date" means the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

6.      A document "relating to" or "referring to" any given subject or person means document that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with, or is in any way pertinent to that subject or person, including without limitation, documents concerning the preparation of other documents.

7.      Any word written in the singular herein shall be construed as plural or vice versa when necessary to facilitate the response to any request.

8.      "And" as well as "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all responses which otherwise might be construed to be outside its scope.

9.      The terms "Plaintiff" and or "YAP" refer to Young Again Products, Inc.

10.     The term "Debtor" refers to Supplement Spot, LLC, formerly known as Young Again Nutrition, LLC.

## DOCUMENTS TO BE PRODUCED

**Request No. 1**:

Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Robert Gubbi..

**Request No. 2**:

Any and all documents referring or relating to the preparation of the Intelius Report on John Acord.. Please state the full name, address, and phone number of any person involved in the preparation and transmission of any document bearing the letter head of Intelius. Please give us the address, phone number. and fax number of the official or employee at Intelius who prepared this document.

**Request No.3**:

Any and all documents referring or relating to any communications between yourself and any customer, subscriber. supplier. vendor , or any other party of the Debtor in which any reference is made to John Acord. John Livingston, Sean Ortega, Marcella Ortega.

**Request No.4**:

Any and all documents referring or relating to your foreign and domestic checking, savings, investment, brokerage. and other financial accounts that were active at any time between January 2003 and the present. including by way of illustration and not limitation, any and all account statements, communications (whether by email, letter, fax, telephone, in person or other means),

applications, funds transfer confirmations, trade confirmations, receipts, and any and all other documents generated in the ordinary course of business.

**Request No.5:**

    All of your credit card statements from September 2004 to the present.

**Request No.6:**

    Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Gerard Kelly.

**Request No. 7:**

    Any and all documents referring or relating to Jeromy P. Barker from January 2003 to the present, including by way of illustration and not limitation, any and all communications or correspondence (whether by email, letter, fax, telephone, in person or other means.

**Request No.8:**

    Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Malcolm Tuckey

**Request No. 9:**

    Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Tom

Aronson.

**Request No. 10:**

Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to RASI Laboratories or anyone associated with RASI Laboratories.

**Request No. 11:**

Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Jane King AKA Jane Batts.

**Request No. 12:**

Any and all documents between January 2003 to the present referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to John Acord or John Livingston.

**Request No. 13:**

Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Marcella Ortega.

**Request No. 14:**

Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related

6

to any communication sent to Alan Burns

**Request No. 15:**

Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to   Avmazon, Netheal, or VitaminHome, or any other distributor or affiliate of the Debtor. Including all documents that mention directly or indirectly John Acord, John Livingston, Marcella Ortega, Sean Ortega..

Dated this ___ day of October, 2007.

Respectfully submitted,

_____

JOHN ACORD, in pro se
1919 Cattle Dr.
Magnolia, TX 77354
832-368-3599

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, certified mail, return receipt requested, to Margaret M. McClure, Plaintiff's counsel, on this the 9th day of October, 2007.


_____
JOHN ACORD



**YAP, Inc. v. Supplement Spot, LLC, et al.**

From: **Thomas Freeman** (tfreeman@erols.com)
Sent:  Fri 3/28/08 3:28 PM
To:    joeslowgo@hotmail.com
Cc:    McClureMar@aol.com; freemanlaw@erols.com; robsinger47@sbcglobal.net; 'Rios, Randall' (rrios@munsch.com); 'Mark Freeman' (mafreeman@erols.com)

Mr. Izen,

Ms. McClure has forwarded to us your certified letter received on March 24 for response. Just as we have since December 3rd, 2007, we remain willing to forward the document production to the location of Defendant's choosing upon receipt of the copy costs and a fed-ex number or other shipping instructions.

We do believe that the law is clear on the question of which party bears the expense of copying and shipping documents in response to discovery requests. Before moving to compel, we request that you reconsider your position based upon the following authority:

Monarch Ins. Co. v Spach, 281 F.2d 401 (5th Cir. 1960)
Williams v. Taser Int'l., 2006 WL 1835437 (N.D. Ga. 2006)
Cardenas v. Dorel Juvenile Group, Inc., 230 F.R.D. 611 (D. Kan. 2005)
Orgulf Transport Co. v. Magnolia Marine Transport, 1998 WL 351845 (E.D. La 1998)
Lenard v. Greenville Municipal Separate School District, 75 F.R.D. 448 (N.D. Miss. 1977)
Brassco, Inc. v. Klipo, 2004 WL 1385816 (S.D.N.Y. 2004)
Dew v. 39th Street Realty, 2001 WL 388053 (S.D.N.Y. 2001)
Moore's Federal Practice-Civil Section 34.14.

The above authority consistently holds that Rule 34(b) does not require the responding party to pay for the costs of copying or shipping responsive documents. We have not denied your client the right to inspect and copy the documents at a reasonable time and place. Simply stated, it is not reasonable to require the responding party to ship thousands of pages of original documents half-way across the country to Mr. Singer's offices in Texas. The risk of loss or damage in transit is too great. Accordingly, we took the reasonable approach of having the documents copied (with the agreement of Mr. Acord to reimburse copy costs), and we have been awaiting the reimbursement check and shipping instructions for several months.

As you may be aware, we paid for the costs of copying and shipping of documents produced by defendant Ortega. Further, in the Maryland litigation, we were required to travel to Texas to inspect and copy Mr. Acord's documents at his principal place of business in Magnolia, and we paid the expenses of downloading and copying (which in that case ran in excess of $100,000).

Finally, from the tone of your letter, it appears that you do not believe that your client

EXHIBIT
E

mistakes
Montana Sp...
MrLandlord
My Websites
nopaypal
offertobuy...
offertosell
office
paid
Palm Software
Pantelas
pickupitem
RealEstate
ReinholdSo...
SaudivMal
Security B...
selocate
shanelauder
shipped
ShppingQue...
SimonsvObolon
SPARTAN
Stocktips
testers
Tiner
TomAntion
travelzoo
Treo650Inb...
typewriters
UBid.com
uksolicitor
unpaid
vernor
WNBA
wrongship
Search Results
Manage folders
Today
Mail
Contacts
Calendar

agreed to pay for the cost of copying and transport.  I attach his Agreement below.

Please know that based on the above legal authority, should you opt to file a motion to compel, we will seek appropriate sanctions and reimbursement of attorney's fees. Again, we stand ready to forward the documents upon reimbursement of the copy costs and the provision of shipping instructions.

Sincerely,

Thomas R. Freeman, Esq.
Freeman & Freeman, P.C.
One Church Street, Suite 200
Rockville, MD 20850

-----Original Message-----

From: John Acord <jpacord@yahoo.com>

Date: Thu, 29 Nov 2007 06:40:34

To:McClureMar@aol.com

Subject: Re: Mason's Discovery Conference

Yes, I  will pay. That is fine with me. I'll pay for the transport and copying. Let me know when they are available.

The Freeman's seem to forget that not only  does Ben Floyd have most of the documents but Bohm has signed an order saying they are his to provider and I submitted everything which I consider to be my personal property to disclose. I've been told hat I can submit only those documents that are my personal records and where that line is drawn is a mystery to me.

Unlike your supercilious clients who brazenly violate and clumsily attempt to circumvest federal court orders and injunctions, I do my best to comply. I may be acting as my own attorney but not as the judge.

Thursday will be fine. I'm out of town until Wednesday making sales calls. Got to keep Ben supplied with cash to support this whole operation.

Happy Holidays,

 John Acord

----- Original Message ----

From: Margaret Maxwell McClure <McClureMar@aol.com>

To: John Acord <jpacord@yahoo.com>

Sent: Thursday, November 29, 2007 7:36:29 AM

Subject: Re: Mason's Discovery Conference

We will send copies of all responsive documents to my office provided you
pay the cost of transportation and copying. I understand you made the
freemans come to Houston in the Maryland case to inspect documents
instead of sending them up to Larry L for inspection. Meanwhile I need to
know what day I can come out next week to inspect your documents.
Thanks.

Margaret M. McClure

Attorney at Law

909 Fannin, Suite 3810

Houston, Texas 77010

(713) 659-1333

(713) 658-0334 (fax)

(713) 253-9554 (cell)

Email:  McClureMar@aol.com <mailto:McClureMar@aol.com>

Sent from my Verizon Wireless BlackBerry

Want to race through your inbox even faster? Try the full version of Windows Live Hotmail. (It's free, too.)

© 2008 Microsoft  |  Privacy  |  Legal                                  Help Central  |  Account  |  Feedback

## <u>VERIFICATION</u>

I hereby certify, under the penalties of perjury, than the foregoing answers to
interrogatories are true and accurate to the best of my knowledge and belief.

_____
John Acord

IN WITNESS WHEREOF, I have hereto set my seal and affixed my notarial seal this
___ day of March, 2008.

My commission expires, _____

KARLA DEMING
NOTARY PUBLIC
STATE OF TEXAS
My Commission Expires
NOVEMBER 30, 2008

_____
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS

EXHIBIT
F

## VERIFICATION

I HEREBY CERTIFY, under the penalties of perjury, that the foregoing answers to interrogatories are true and accurate to the best of my knowledge, information and belief.

Roger Mason, President
Young Again Products, Inc.

IN WITNESS WHEREOF, I have hereto set my hand and affixed my notarial seal this 21 day of Nov , 2007.

My commission expires: June 12, 2010

NOTARY PUBLIC IN AND FOR THE
STATE OF North Carolina

NOTARY
PUBLIC

12