IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| YOUNG AGAIN PRODUCTS, INC. : | |
| : | |
| Plaintiff, : | |
| : | Civil No.: RWT 03CV2441 |
| vs. : | |
| : | |
| JOHN ACORD a/k/a JOHN LIVINGSTON : | |
| et al. : | |
| : | |
| Defendants and Counterclaimants : | |
| : | |
| vs. : | |
| : | |
| YOUNG AGAIN PRODUCTS, INC., ROGER : | |
| MASON, AND IVEY MASON : | |
| : | |
| Counterdefendants : | |

DEFENDANTS' COUNTERCLAIMS WITH JURY DEMAND

For their counterclaims against Plaintiff, Defendants Young Again Nutrition, LLC ("Young Again Nutrition") and John Acord allege as follows:

1.  This is a civil action between citizens of different states seeking declaratory injunctive relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201-2202, and Rule 57, Federal Rules of Civil Procedure, for the purposes of determining the parties' rights in an actual justifiable controversy, as is more fully set forth below.

2.  The Court's jurisdiction derives from the fact that this is an action brought under the declaratory judgment authority of 28 U.S.C. § 1331, 1332, and 1338 and the theory of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.  Venue on this action lies within this Court pursuant to 28 U.S.C. § 1391.

4. Pursuant to Federal Rules of Civil Procedure 13(h) and 19(a), Defendants-Counterclaimants seek to join Roger Mason and Ivey Mason as parties in these proceedings, as persons needed for just adjudication of Defendant-Counterclaimants' counterclaims and as persons subject to the venue of this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. Defendants-Counterclaimants are young Again Nutrition, LLC, a Texas limited liability company, and John Acord, a citizen of the United States.

6. On information and belief, Plaintiff-Counterdefendant, Young Again Products, Inc. ("Young Again Products"), is a Maryland corporation with its principal place of business in Wilmington, North Carolina. Upon information and belief, Young Again Products is subject to the jurisdiction of this Court and venue is proper in this judicial district.

7. On information and belief, Counterdefendant Roger Mason is the president of Young Again Products and is a citizen of the United States. Upon information and belief, Roger Mason is subject to the jurisdiction of this Court and venue is proper in this judicial district.

8. On information and belief, Counterdefendant Ivey Mason is the vice president of Young Again Products and is a citizen of the United States. Upon information and belief, Ivey Mason is subject to the jurisdiction of this Court and venue is proper in this judicial district.

9. On information and belief, Ivey Mason and Roger Mason, as individuals, are co-owners of U.S. Trademark registration No. 2,287,644 for ARTHRITIS ARSENAL.

10. On information and belief, Ivey Mason and Roger Mason, as individuals, are co-owners of U.S. trademark registration No. 2,221,308 for SKIN CURE.

11. On information and belief, Ivey Mason and Roger Mason, as partners, are co-owners of U.S. trademark registration No. 2,396,676 for FAT ABSORB.

12. With the consent of all Counterdefendants, beginning in 1998, Young Again Nutrition sold products under the marks Arthritis Aresenal, Arthritis Free, Better Cholesterol, Better Immunity, Better Prostate, Fat Absorb, German Zyme, Miracle Cream, The Estrogen Alternative, The Osteoporosis Answer, Total Minerals, Total Vitamins, Skin Cure, and Vein Free.

13. Roger Mason and Young Again Products advised Young Again Nutrition and its manager, John Acord, that Young Again Nutrition was the owner of the marks Better Immunity, Better Prostate, Fat Absorb, The Osteoporosis Answer, Skin Cure and Vein Free, or that they would sell and assign the marks to Young Again Nutrition.

14. With the consent of Roger Mason and Young Again Products, Young Again Nutrition posted the e-book The Natural Prostate Cure on its web sites for download for free to customers of Young Again Nutrition.

15. In July, 2003, Counterdefendants decided that they no longer would supply products to Young Again Nutrition for sale on Young Again Nutrition's web sites.

16. On information and belief, since July, 2003, Roger Mason has contacted customers and distributors of Young Again Nutrition and has made false, derogatory, and defamatory statements regarding Young Again Nutrition and John Acord to the customers and distributors with the stated intention of putting Young Again Nutrition out of business.

17. On information and belief, Roger Mason repeatedly contacted Jane Batts, an employee of Young Again Nutrition and made false, derogatory, and defamatory statements regarding Young Again Nutrition and John Acord and offered her employment and other benefits if she would provide him with the e-mail address list of Young Again Nutrition's customers and distributors as maintained by Young Again Nutrition. Mr. Mason further stated his intention to open his own web site and run Mr. Acord out of business.

18. On information and belief, Roger Mason contacted Steve Miller, an employee of Young Again Nutrition, and instructed him to remove the e-mail address list of Young Again Nutrition's customers and distributors from Young Again Nutrition's computer system and take it with him.

19. On information and belief, Counterdefendants mislabeled certain products prior to the sale of the products by Young Again Nutrition.

20. As a result of the aforestated activities, and actual controversy exists in which the Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. § 2201 and 2202 *et seq.* and award such relief as the Court deems appropriate.

## COUNT 1
## DECLARATORY JUDGMENT FOR NON-INFRINGEMENT

21. Defendants-Counterclaimants repeat and allege each of the allegations in paragraphs 1-20, inclusive.

22. This count seeks a declaratory judgment that Young Again Nutrition has the right to offer for sale products under the marks Better Immunity, Better Prostate, Maximum Better Prostate, Fat Absorb, Super Fat Absorb, the Osteoporosis Answer, Skin Cure, and Vein Free and to post the e-book The Natural Prostate Cure.

23. Young Again Products' conduct in bringing this action, unless enjoined and restrained by order of this Court, will cause great and irreparable injury to Young Again Nutrition in that Young Again Nutrition's sale of goods under the marks Better Immunity, Better Prostate, Maximum Better Prostate, Fat Absorb, Super Fat Absorb, the Osteoporosis Answer, Skin Cure and Vein Free and posting of the e-book The Natural Prostate Cure will be subject to continued unjustified attacks, adversely affecting Young Again Nutrition's good will and business.

24. Young Again Nutrition has no adequate remedy at law for the injuries which it will incur if Young Again Products and Roger Mason and Ivey Mason are not restrained.

## COUNT 2
## DECLARATORY JUDGMENT FOR OWNERSHIP OF TRADEMARKS

25. Defendants-Counterclaimants repeat and allege each of the allegations in paragraphs 1-24, inclusive.

26. This count seeks a declaratory judgment that Young Again Nutrition is the rightful owner of the marks Better Immunity, Better Prostate, Maximum Better Prostate, Fat Absorb, Super Fat Absorb, the Osteoporosis Answer, Skin Cure and Vein Free.

## COUNT 3
## DECLARATORY JUDGMENT FOR ABANDONMENT OF COPYRIGHT

27. Defendants-Counterclaimants repeat and allege each of the allegations in paragraphs 1-26, inclusive.

28. This count seeks a declaratory judgment that Roger Mason has abandoned his copyright claim in the work The Natural Prostate Cure.

## COUNT 4
## COMMON LAW COMMERCIAL DISPARAGEMENT, LIBEL, DEFAMATION, AND TORTIOUS INTERFERENCE WITH BUSINESS

29. Defendants-Counterclaimants repeat and allege each of the allegations in paragraphs 1-28, inclusive.

30. Counterdefendants Roger Mason and Young Again Products, through explicit statements to Defendants-Counterclaimants' business associates, have committed commercial disparagement against Defendants-Counterclaimants John Acord and Young Again Nutrition in violation of Maryland Common Law.

31. Counterdefendants Roger Mason and Young Again Products, through explicit statements to Defendants-Counterclaimants' business associates, have committed libel against Defendants-Counterclaimants John Acord and Young Again Nutrition, in violation of Maryland Common Law.

32. Counterdefendants Roger Mason and Young Again Products, through explicit statements to Defendants-Counterclaimants' business associates, have committed defamation against Defendant-Counterclaimant John Acord in violation of Maryland Common Law.

33. Counterdefendants Roger Mason and Young Again Products, through explicit statements to Defendants-Counterclaimants' business associates, have committed tortious interference with the business of Defendants-Counterclaimants John Acord and Young Again Nutrition in violation of Maryland Common Law.

34. Counterdefendant Roger Mason, through repeated contact with at least one employee of Defendant-Counterclaimant Young Again Nutrition, namely Jane Batts, for the specific purpose of obtaining trade secret information in the form of customer lists, has committed tortious interference with the business of Defendants-Counterclaimants John Acord

and Young Again Nutrition in violation of Maryland Common Law.

35. Counterdefendant Roger Mason, through contact with an employee of Defendant-Counterclaimant Young Again Nutrition, namely Steve Miller, for the specific purpose of removing trade secret information in the form of customer lists, has committed tortious interference with the business of Defendants-Counterclaimants John Acord and Young Again Nutrition in violation of Maryland Common Law.

36. Counterdefendants damaged the reputation of Young Again Nutrition by mislabeling certain products provided to Young Again Nutrition for re-sale to consumers.

WHEREFORE, Defendants-Counterclaimants pray:

A. That Plaintiff's Complaint be dismissed in its entirety.

B. That this Court render a judical determination of the rights and liabilities of the parties pursuant to 28 U.S.C. § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, including a determination that Young Again Nutrition is the owner of and has the right to distribute products under the marks Better Immunity, Better Prostate, Maximum Better Prostate, Fat Absorb, the Osteoporosis Answer, Skin Cure and Vein Free, that the copyright in the e-book The Natural Prostate Cure has been abandoned, and that Young Again Nutrition is free to post the e-book The Natural Prostate Cure for download.

C. That Plaintiff and Counterdefendants be preliminarily enjoined during the pendency of this action and permanently enjoined thereafter from making any false or disparaging statements regarding Young Again Nutrition or John Acord a/k/a John Livingston, or interfering in any manner with Young Again Nutrition's business including but not limited to contacting any employees, customers, or distributors of Young Again Nutrition.

D. That Plaintiff and Counterdefendants be required to pay Young Again Nutrition and John Acord the costs of this action, together with reasonable attorneys' fees and disbursements.

E. That Young Again Nutrition and John Acord have such other and further relief as this Court deems just and adequate.

F. A jury trial on all issues is requested.

                                               Respectfully submitted,

March 29, 2004                             /leljr/
                                               Lawrence E. Laubscher, Jr.
                                               Bar I.D. 15487
                                               Laubscher Severson
                                               1160 Spa Road, Suite 2B
                                               Annapolis, MD 21403
                                               Tel: 410-280-6608
                                               Fax: 410-280-6758

                                               Attorney for Defendants

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANTS' COUNTERCLAIMS WITH JURY DEMAND was served electronically this 29th day of March, 2004 on the following:

>Thomas R. Freeman
>Mark A Freeman
>Martin L. Vedder
>One Church Street, Suite 200
>Rockville, MD 20850

>/leljr/
>Lawrence E. Laubscher, Jr.