United States Courts
Southern District of Texas
FILED

JUL - 7 2008

Michael N. Milby, Clerk

UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | BANKRUPTCY CASE NO. |
| SUPPLEMENTSPOT, LLC, | 06-35903<br>Chapter 11 |

| | |
|---|---|
| YOUNG AGAIN PRODUCTS, INC. | Adversary NO. 07-3019 |
| Plaintiff, | |
| Vs. | |
| SUPPLEMENTSPOT, LLC,<br>Marcella Ortega, and<br>John Acord a/k/a John Livingston | |
| Defendants, | |

MOTION TO STRIKE PLAINTIFF'S PLEADINGS AND HOLD ROGER W.
MASON AND THOMAS FREEMAN IN CONTEMPT

JUDICIAL NOTICE

TO THE HONORABLE JUDGE OF THIS COURT:

INTRODUCTION

NOW COMES John Acord, Pro Per, (hereinafter referred to as "Acord"), and moves this Court to strike the Plaintiff's pleadings in full. This motion is adopted by Marcella Ortega. The Plaintiff and his Attorneys have egregiously misled, knowingly made false representation(s), and knowingly concealed information

required to be produced during the entire discovery process. Furthermore the Plaintiff and its Attorneys have been uncooperative with the Defendant during the entire discovery process; and have deliberately failed to comply with the court instructions and specific orders with regard to discovery process and procedures, The time has now arrived when they must be appropriately sanctioned by this Court. Mason and Freeman
must learn that the Court expects its instruction and orders to be strictly complied with at all stages of the discovery process. Appearing pro hac vice does not immunize them from the discipline expected of the Texas Bar. They should not be allowed to return to Maryland and boast of how they manipulated and mocked this Court.

The Plaintiffs have made a mockery of the orders of this Court and have continuously and egregiously violated the Rules of Civil Procedure governing civil discovery and have continuously and flagrantly ignored and been disrespectful of this Honorable Court.
On Thursday, June 30, 2008, Acord was informed by Mr. Rios the Plaintiff and the Chapter 11 Trustee of SupplementSpot, LLC reached a "secret settlement", the terms and conditions of which has been concealed from Acord and Marcella Ortega. This is simply another example of the Plaintiff failing to provide the and

illustrates the continuous and uninterrupted contempt of the Plaintiff for the Court and their duties to disclose all material facts prior to trial.

Defendants with the information they require to mount an effective defense and to mitigate any damages that may be awarded by this Court. Acord was held in contempt of court and imprisoned for 10 days in the Federal Detention Center for failure to produce documents he was not able to obtain possession from third parties. As will be shown herein the Plaintiff has concealed and refused to surrender documents that are in his possession by either ignoring the orders of the Court , or placing non-privileged documents in the privilege log submitted to this Court. The Court is currently investigating the extent to which non-privileged documents were placed into the privilege log in order to conceal them from Acord and Ortega.

## STATEMENT OF FACTS
## AND
## ARGUMENT(S) THEREOF

This case has a lengthy history to it.  The history is set  forth in great detail In **DEFENDANT, JOHN ACORD'S, MOTION TO COMPEL DISCOVERY AND DEPOSITIONS AND TO ENLARGE TIME FOR COMPLETION OF DISCOVERY,** heard by this Court on May 2, 2008.

On February 22, 2008  this Honorable Court issued an Amended Scheduling

Order, which ordered, among other things, that "All discovery shall be completed no later than April 15, 2008."

Plaintiff and its Attorneys have not complied with this order. The documents received by Acord from Plaintiff's Attorneys were not Bate stamped.

The documents in the four banker box's delivered by Plaintiff to Robert Singer were nothing more than a regurgitation of information that Acord already possessed. What is known to Acord to be missing is set forth in Exhibit C (Discovery Analysis) attached hereto. Acord has reason to believe there is a vast number of additional documents and files in the possession of the Plaintiff responsive to Acord Request for Production of Documents which have not been submitted, but remain concealed. Exhibit C is simply the tip of the ice burg.

The only remedy to this egregious behavior of the Plaintiff is to strike its pleadings in this action. This Court placed Plaintiff on notice at the hearing on May 2, 2008 its pleading would be struck in full if they failed to comply fully with Acord's discovery requests.

**COURT: I want documents produced, okay?**

11 **What's good for the goose is good for the gander. I want the**

12 **documents produced. I don't want Mr. Acord to have to fly up**

13 **to Maryland. I want the documents produced so that he's got**

14 **the documents so that at trial there's not any surprise.**

15 That's what I want; that's what I expect. If the documents

16 are not going to be produced, then I'm going to strike the

17 pleadings. It's that simple. I don't care if it cost a couple

18 of hundred bucks to get the documents down to Texas, I want

19 them produced. And so I'm putting the Plaintiff on notice. If

20 you ain't going to produce them, you're going to walk out of

21 my court with a judgment that says take nothing and you are

22 forever barred. It's that simple, okay?

See Exhibit A, Page 22, lines 5 through 22, Certified transcript of Hearing, Friday, May 2, 2008 Before the Honorable Jeff Bohm, United States Bankruptcy Judge.

The Court further ruled in the same May 22, 2008 hearing:

10. And as

11. I said, if documents aren't going to be produced, I ain't going

12. to give a judgment as anything other than take nothing.

See Exhibit A, page 23

So that there would be no chance of a misunderstanding or further delay, the Court then stated emphatically.

9 Get the documents produced. If they ain't produced,

10. it will be a take-nothing judgment. Plaintiffs stop fiddling

11.around, give Mr. Acord the documents.

See Exhibit A, page 24 attached.

The Plaintiff was told to produce the documents immediately. The Plaintiff continued to fiddle around and did not produce the documents to Mr. Singer until May 16, a full two weeks after they were ordered to produce them immediately. The Court is reminded these

**documents were requested by Acord on October 10, 2007, and that the Plaintiff delayed a full seven months before making any attempt to comply with Acord's discovery requests.**

**THE PLAINTIFF HAS FAILED TO FOLLOW THE CLEAR, NO-NONSENSE ORDERS OF THE COURT.**

**The Plaintiff and its Attorney's egregious behavior is disrespectful to the Court. Why must the Defendant continue to suffer as a result of the Plaintiff disregard to court orders?**

Additionally in the June 23, 2008, hearing this Honorable Court received information from Plaintiff's counsel and the Trustee's counsel that was incorrect. When the Court inquired of Plaintiff's counsel whether the documents produced by Plaintiff were Bate stamped, the court was told by McClure that in fact they were Bate stamped. McClure falsely represented to the Court that Trustee's counsel, Mr. Rios, confirmed the documents were Bate stamped. Subsequently Mr. Rios has affirmed to Acord that he was only speaking of the documents the Trustee and Acord had furnished to the Plaintiff and not to the documents received from the Plaintiff sent to the Trustee or Acord.

Mr. Rios had affirmed to Mr. Acord that the documents furnished the Trustee by the Plaintiff were not Bate stamped.

The documents received by Mr. Singer on Acord's behalf were not Bate Stamped. The Court ruled as follows:

6. "And so if the documents are Bate stamped and you've

7. Got transmittal letters showing that you delivered them or

8. someopne wants to testify that you delivered them, then you'll

9. be able to prove them up, but if they're not Bate stamped and

10. you can't prove them to me – And let me say that'll hurt you if

11. they're not Bate stamped, then I won't allow the documents in

12. and you won't be able to prove financial harm."

**See Exhibit B, Page 29, lines 6 through 12, Certified transcript of Hearing, Monday, June 23, 2008 Before the Honorable Jeff Bohm, United States Bankruptcy Judge.**

**The Court reiterated the May 2 rulings to emphasize that all documents are to be produced without exception.**

**The Court stated once again on June 23, 2008**

8.      "This case has constantly had document production

9. problems, and you know, I insisted that all documents be

10. turned over." **See Exhibit B, page 30, line 8 through 10**

**The Court clearly ruled and the Plaintiff must understand that failure to Bate stamp any**

**documents returned to Acord and Rios will render them inadmissible in this action.**

18.                                                                                                          "So, I

19. Trust that's what went on here and, you know, save and except

20. if you're going to be arguing to me that McClure and her

21. co-counsel are flat-out lying to me, that they didn't produce

22. the documents, I have to presume that the documents have been

23. produced if they're Bate stamped and counsel has represented to

24. me that these Bate stamped documents have been produced."

**Acord intends to bring all documents produced by the Plaintiff in response to his October,**

**2007 Request for Production to the Court for inspection. Trustee's counsel, Randal Rios,**

will testify that the documents delivered to the Trustee by Plaintiff were not Bate stamped, and Acord will present testimony from himself and third-parties the documents were not Bate stamped.

## WITHOUT EXCEPTION THE DOCUEMTNS PRODUCED BY THE PLAINTIFFS **WERE NOT BATE STAMPED**

**Rios did not even see the documents produced to Singer and Acord,** for they were sealed in four bankers box's that were transmitted from Thomas Freeman's Office in Maryland directly to McClure and sent by her to Singer.. The only Bate stamp the documents have received is from the Defendants own bate stamping of the documents. This Honorable court stated the following:

**THE COURT:** Are they Bate stamped?

11 **MS. MCCLURE:** I don't recall that they are.

12 **THE COURT:** Well, here's what's going to happen, Ms.

13 McClure.
14 **MS. MCCLURE:** Oh, yes, your Honor.
15 **THE COURT:** Okay.
16 **MS. MCCLURE:** I'm sorry; Mr. Rios confirms that they
17 are.

**McClure knew Rios was not referring to the production to Acord or himself but solely to the production of the Trustee to the Plaintiff. McClure knew that Rios was referring to documents furnished by the Trustee and Acord, yet choose to purposely misrepresent to this Court the Plaintiff's documents were Bate stamped.**

18 **MR. RIOS:** Your Honor, I'm not a hundred percent
19 certain but I do remember having a discussion with one Mr.
20 Freeman about Bate stamp numbers on the documents.

21 **MS. MCCLURE:** Right.
22 **THE COURT:** Okay. Well, what I want to avoid is
23 this: At trial for Mr. Accord or his counsel to stand up and
24 say, 'Your Honor, the financial -- the statement -- the
25 documents they want to get into evidence evidencing financial
1 harm to the plaintiff, they didn't produce them to us.' And if
2 you've done discovery properly, you will have Bate stamped the
3 documents that are being marked as exhibits for me to admit or
4 not admit, and you'll have kept track of what documents you
5 produced to the defendants.
6 And so if the documents are Bate stamped and you've
7 got transmittal letters showing that you delivered them or
8 someone wants to testify that you delivered them, then you'll
9 be able to prove them up, but if they're not Bate stamped and
10 you can't prove to me -- And let me say that'll hurt you if
11 they're not Bate stamped, then I won't allow the documents in
12 and you won't be able to prove financial harm.
13 **MS. MCCLURE:** Absolutely.
14 **THE COURT:** All right.
15 **MS. MCCLURE:** Absolutely.
16 **THE COURT:** I just want to make that clear.
17 **MS. MCCLURE:** Absolutely.
18 **THE COURT:** All right. Mr. Singer, what Ms. McClure
19 is saying is that the documents are Bate stamped and that
20 they have been turned over to you, which means that when they
21 go to prove up their case on financial harm, the documents
22 are going to be Bate stamped.
23 You're going to have the booklet of documents that
24 are proposed to be exhibits prior to trial, and if they're
25 not Bate stamped, you can certainly raise an objection. If
1 they are Bate stamped, then you can raise an objection but,
2 you know, the last time I checked, I think if you've got Bate
3 stamped documents and you've turned them over and the attorney
4 who has produced them takes the stand and says 'I turned them
5 over and here is the Bate stamped log that I kept', it's very
6 tough to overcome that but, you know, I'll certainly give you
7 a chance to do that.
8 This case has constantly had document production
9 problems, and you know, I insisted that all the documents be
10 turned over. We're going to go to the privilege log in a
11 minute. But when you tell me that you have no documents
12 showing financial harm, Ms. McClure is telling me you do; how
13 many documents are we talking about? Five? Five hundred? Do
14 we know?
15 **MS. MCCLURE:** I know we turned over four banker's
16 boxes full of documents.

17 **THE COURT:** Okay. Now those banker boxes full of
18 documents, are there documents in there showing financial harm?
19 **MS. MCCLURE:** Yes, your Honor.
20 **THE COURT:** Okay. Can you identify one or two of
21 them for me?
22 **MS. MCCLURE:** Attorney invoices from Utah, as an
23 example.
24 **THE COURT:** Okay.
25 Mr. Singer, I mean that strikes me that if attorney's
1 invoices from Utah that show attorney's fees had to be incurred
2 that that's evidence of financial harm. Now, you can argue
3 whether that's, you know, whether those fees are reasonable and
4 that kind of thing, but in terms of the documentation being
5 produced, that's certainly one piece of documentary evidence.
6 **MR. SINGER:** I understand, your Honor.
7 **THE COURT:** Okay. I think you have to wait and see
8 what exhibit booklets you get.
9 **MR. SINGER:** I'm sorry; say that again, Judge.
10 **THE COURT:** I said, 'I think you need to wait and see
11 what exhibit booklets you get', and then you can look and
12 say, 'Okay, there's a Bate stamped document that came in the boxes
13 that Ms. McClure sent.'
14 I know when I did discovery, if I sent you four boxes
15 of documents, they were all Bate stamped and I had the exact
16 same four boxes of documents in my office with a transmittal
17 letter so that I could prove up, if I ever had to, that these
18 documents were delivered on this date and in this form. So, I
19 trust that's what went on here and, you know, save and except
20 if you're going to be arguing to me that Ms. McClure and her
21 co-counsel are flat-out lying to me, that they didn't produce
22 the documents, I have to presume that the documents have been
23 produced if they're Bate stamped and counsel has represented
24 to me that these Bate stamped documents have been produced.
25 **MR. SINGER:** Your Honor, not uncharacteristic of the
1 way things have gone in this case, generally Mr. Accord says
2 that, and I can't say personally but he indicates that the
3 documents were not Bate stamped. That'll be one issue that
4 will be simple to establish.
5 **THE COURT:** I was going to say, that's an easy one to
6 establish. They either were or they weren't.
7 **MR. SINGER:** Probably the easiest one in this case.

Furthermore the Plaintiff(s) have no proof of any damage and are not able to prove

any damage based on their egregious behavior and disregard for this Honorable

Courts orders and non-compliance with disclosure procedures with regard to discovery, which clearly ordered them to produce in a timely manner, no later than April 15, 2008. This court has determined that the documents will not be allowed in due to the failure of the Plaintiff to or its many Attorneys to bate stamp, include any documentation whatsoever of financial harm. Acord reminds this Honorable Court he was held in the Bureau of Prisons Detention Center in Houston, Texas for 10 days for failure to produce documents that he did not have ready access or were the property of third-parties. Why is it that the Plaintiff is allowed to egregiously disregard court orders by this Honorable Court and continue to not be required to either pay sanctions to Defendant; and/or allowed to stay out of imprisonment for lack of compliance? The wages of non-disclosure must be in the form of sanctions against the Plaintiff(s) and or its Attorneys. The wages of deliberate and continual contempt must be imprisonment.

Moreover, as will be explained in some detail in the commentary that accompanies Exhibit C, referred to as the discovery analysis, the Plaintiff is strongly motivated to continue to disregard the discovery orders of the Court. Plaintiff's motivation is several fold. To deliver all documents ordered by this Court would necessarily entail many documents that would support and prove up Acord's contempt motion against the Plaintiff and Roger and Ivey Mason presently pending in the United States District Court for Maryland. Plaintiff is refusing to produce documents in

that case as deceptively as they are here in this Court.

What is more pertinent is that Plaintiff is refusing to turn over documents that must irrefutable prove that Roger W. Mason committed criminal perjury when on direct examination by this court on December 13, 2008 he denied being the author or having any knowledge of the origin of several threatening or harassing documents received by Acord. The proof of Mason's perjury lies in several documents provided to Plaintiff on his subpoena to a former distributor, Vicki Pitts. The Court is asked to refer to Exhibit C, Request No 2, page 2, Discovery Analysis Exhibit B, Document A-007764, wherein Mason instructed Vicki Pitts to mail an anonymous communication to an unrelated party. This document and many others in the Pitts file would prove that Mason has a practice of sending or causing to be sent anonymous letters and threats to people with whom he may have a dispute.

## CONCLUSION

Your Honor, this Defendant could go on and on with regard to violations of court rules, case law, and the FACT the Plaintiff and its Attorneys have mislead, misrepresented and have provided false information to this Court. I'm tired of going over and over the abuse perpetrated by the Plaintiff and its Attorneys not only to myself but also to this Honorable Court. It appears the Plaintiff and its

Attorneys want to make nothing more than a mockery of bankruptcy and your Honorable Court. My motion is simple, and to the point. The relief being sought is simple and straight forward,

Acord moves this Honorable Court to Strike the Plaintiff's Pleadings in full; and impose serious sanctions against the Plaintiff and/or its Attorneys and any other relief it may feel due Acord in this Action.

Acord further requests Mr. Mason and his principal attorney, Thomas Freeman, Clearly understand what you meant when the Court ruled on May 2, 2008, "I want documents produced, okay? What's good for the goose is good for the gander. I want documents produced so that he's got the documents so at trial there's not any surprises. That's what I want; that's what I expect."

The Court is reminded that Mr. Mason through his attorney Thomas Freeman diligently and relentlessly demanded this Court to impose both imprisonment and sanctions on Acord. The "goose" was imprisoned for 10 days and required to pay Plaintiff nearly $18,000. Acord believes and prays this Court agrees, Plaintiff's actions are far more disrespectful and contemptuous of this Court than any discovery deficiency alleged by the Plaintiff against Acord.

All discovery documents are fully within the immediate possession and control of both Mr. Mason and his attorney, Thomas Freeman.

Mason and Freeman should be immediately remanded to custody until such time as

the Plaintiff has satisfied this Court that all documents and interrogatory demands have been provided Acord.

Very Truly Yours,

*[signature]*

John Acord, pro per
Defendant
Sui Juris

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, certified mail, return receipt requested, to the following parties on July 7, 2008.

_____
John Acord

Young Again Products, Inc.
c/o Margaret McClure
Attorney at Law
909 Fannin , Suite 3810
Houston, TX 77010

Ben Floyd, Trustee
700 Louisiana Street, Suite 4600
Houston, TX 77010

Marcella Ortega
1919 Cattle Drive
Magnolia, TX 77354

Robert Singer, Esq.
4550 Post Oak Place, Suite 175
Houston, TX 77027
713-627-2977

_____
John Acord