*Exhibit C*

# DISCOVERY ANALYSIS

Bankruptcy Case No 06-35903 Chapter 11
Adversary Case No. 07-03019

## Analysis of Plaintiffs YAP, Roger Mason, Ivey Mason Responses To Acord's First Request For Production of Documents

**DOCUMENTS TO BE PRODUCED**

**Request No. 1**:

> **Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Robert Gubbi.**

Mason only produced documents previously attached to motions and complaints filed in this action and related actions in Maryland and Utah. No other documents were produced. Acord can demonstrate that Mason is concealing and refusing to produce documents based on the attached communications between Gubbi and Mason obtained from Robert Gubbi and other third parties. See **Exhibit G** attached hereto, Pages A- 007757 thru A-007763. Acord is entitled to copies of Mason's communications together with his notes. It is also unreasonable to believe these communications are the only such communications between Robert Gubbi and the Plaintiffs. Plaintiffs are purposely concealing these documents as they clearly show continued interference in the affairs of the Debtor and harassment of John

Acord, Marcella Ortega, Jeromy Barker, Tom Aronson, Robert Gubbi, Malcolm Tuckey, Alan Burns, Gerard Kelly and other associates or vendors yet unknown to Acord.

**Request No. 2**:

**Any and all documents referring or relating to the preparation of the Intelius Report on John Acord. Please state the full name, address, and phone number of any person involved in the preparation and transmission of any document bearing the letter head of Intelius. Please give us the address, phone number, and fax number of the official or employee at Intelius who prepared this document.**

No responsive documents are produced.. Mason is required to certify under penalty of perjury that he does not have possession or know of any such documents. See **Exhibit K** attached hereto which are copies of the Intellus "report" sent anonymously to Robert Gubbi, Gerard Kelly, Malcolm Tuckey, and Tom Aronson and furnished directly by these same parties to Acord. The Court is requested to notice **Exhibit B**, Document No. A-007764, wherein Mason instructed Vicki Pitts to mail an anonymous communication to an unrelated party. Mason orders Mrs Pitts in his message dated September 6, 2005, as follows:

"p.s. next week you'll get an envelope to drop in the mailbox. a (sic) guy burnt us on a stock deal and it's payback time. All (sic) perfectly legal. I'm just explaining to his wife what he does when he's on business trips and I know people who know him."

This undisclosed and concealed communication demonstrates Mason's use of third parties to transmit materials designed to harass or intimidate people and organizations with whom he has a grievance.

The Court is reminded Vicki Pitts submitted the identical information to the Freeman law firm in response to their subpoena on January 25, 2008. **See Exhibit D.** The Freeman law firm has these identical responsive documents in their possession yet concealed and failed to produce them in violation of this Court's orders. Their contempt for this Court is obvious, irrefutable and manifest in their entire response to Acord's Request For Production and the Court's orders of May 2 and May 13, 2008. This Court is required hold both Mark, Thomas Freeman and Margaret McClure in contempt and assess both sanctions and impose a term of imprisonment not less than that imposed on John Acord on January 8, 2008.

Attached hereto is **Exhibit F**, pages 5 and 8 thru 9. wherein Mason testified under oath to this Court he did not mail or cause to be mailed a postcard to Acord with a noose drawing.

Referring to Court's Exhibit 1 Mason testified under oath:

**The Court:** Did you send that document to Mr. Acord?

**Mr. Mason:** No, sir.

**The Court:** Is that your handwriting?

**Mr. Mason**: No, sir.

**The Court:** Do you know whose handwriting it is?

**Mr. Mason:** No, sir.

**The Court**: Do you have any idea who sent this document to Mr. Acord?

**Mr. Mason**: None whatsoever

**The Court:** All right. And you do not recognize the handwriting of anyone you know that's on the document.

**Mr. Mason:** Not at all.

Mason's attorney McClure assured the Court:

"In fact, Mr. Mason would testify he hasn't been to Costa Rica in years." Attached hereto is **Exhibit L**, pages 52 thru 53 which are copies of Mason's Deposition on December 13, 2008 wherein he stated under oath he did not mail or cause to be mailed the so-called "Intellus report" to John Acord. Attached here is **Exhibit K** consisting of "anonymous" letters and other communications transmitted  or caused to be transmitted by Mr. Mason to John Acord, Marcella Ortega, the Debtor, vendors and business and personal associates of the parties to this case. All of these communications are designed to harass, intimidate, and otherwise interfere with the business of Acord, the Debtor and Acord's associates. All of these communications comport with the instructions sent by Mason to Vicki Pitts

**Request No.3**:

**Any and all documents referring or relating to any communications between yourself and any customer, subscriber, supplier, vendor, or any other party of the Debtor in which any reference is made to John Acord, John Livingston, Sean Ortega, Marcella Ortega.**

Plaintiff alleges to have produced responsive documents in their production indexed #4 (none), #5 002991-002995, #10 003524-003819 and 003820-003896. – There are only partially responsive to Acord's' RFP.

Plaintiff set #13 have documents 004143-004171, 004274-004275, and 004289. – There are only partially responsive to Acord's' RFP Plaintiff's Index alleges there are responsive documents in Plaintiff's Documents Set #12, 14, 15, 16, 17, and 18, but none can be found.

Plaintiffs' Production Index represent they have produced responsive documents in Plaintiff Set #15, but all that can be found are legal papers filed with this court and in related actions in Utah and Maryland, and no communications  responsive to this request.

Acord has communications received from third parties that clearly demonstrate Plaintiffs' have failed to produce and are attached hereto as Exhibits A, B, C, D, G, H, I, J, and K' These communications obtained from third-parties are substantial evidence  the Plaintiffs have contemptuously and disrespectfully ignored the unmistakably clear instruction of this Court to produce all responsive documents. It strains Acord's credulity that he has obtained  from third parties all communications in which the Plaintiffs made any reference to John Acord, John Livingston, Sean Ortega, and Marcella Ortega..  Plaintiff's and their counsel are concealing from Acord many addtional responsive documents and must be compelled to produce immediately irregardless of the Court's ruling to strike the Plaintiffs pleadings...

**Request No.4:**

**Any and all documents referring or relating to your foreign and domestic checking, savings, investment, brokerage, and other financial accounts that were active at any time between January 2003 and the**

**present, including by way of illustration and not limitation, any and all account statements, communications (whether by email, letter, fax, telephone, in person or other means), applications, funds transfer confirmations, trade confirmations, receipts, and any and all other documents generated in the ordinary course of business.**

No responsive documents were produced by the Plaintiffs.

Is Acord to assume that none of the Plaintiffs maintain a single bank account?

**Request No.5:**

**All of your credit card statements from September 2004 to the present.**

No responsive documents were produced by the Plaintiffs.
Is Acord to assume that none of the Plaintiffs have a credit or debit card?

**Request No.6:**

**Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Gerard Kelly.**

No responsive documents were produced by the Plaintiffs. Acord submits as Exhibit K copies of the "Intelius" report sent to Mr. Kelly and refers to evidence obtained from Vicki Pitts that Mason commonly instructs third-parties to post harassing and threatening communications to persons and entities with who he has a grievance.

**Request No. 7:**

**Any and all documents referring or relating to Jeromy P. Barker from January 2003 to the present, including by way of illustration and not limitation, any and all communications or correspondence (whether by email, letter, fax, telephone, in person or other means.**

No responsive documents were produced by the Plaintiffs. Please see **Exhibit K**, pages 1 thru 2, wherein Mason sent anonymous letters to Jeromy Barker and Jeromy Barker's mother attempting to intimidate him into terminating his relationship with Acord, Marcella Ortega, and the Debtor.

The instructions sent Pitts by Mason establishes Mason's use of anonymous letters posted by third-parties designed to harass, intimidate, and interfere with Acord's and the Debtor's relationship with customers, vendors, distributors, associates, friends. Family.

**Request No.8:**
**Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone**

**associated with yourself and or acting on your behalf related to any communication sent to Malcolm Tuckey**

Documents responsive to this request were produced and Bates numbered 002119-002128-002133, 002830-003290. However, no replies or answers are produced to the messages sent Plaintiff's by Mr. Tuckey. Plaintiffs have deliberately concealed and failed to produce any (other than sales invoices) communications from the Plaintiffs to Malcolm Tuckey. Plaintiffs have thus failed to fully comply with this RFP. See Exhibit J.

**Request No. 9:**

**Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Tom Aronson.**

No responsive documents were produced by the Plaintiff's. The only related document is a copy of the subpoena served on Mr. Aronson in connection with this action.

Please see **Exhibit K**, wherein Mason sent anonymous letters to Mr. Aronson attempting to intimidate him and disrupt his relationship with Acord and the Debtor. The  instruction by Mason to Vicki Pitts demonstrate Plaintiffs use of anonymous letters and other communications to harass people for the purpose of disrupting their business relationship with John Acord, Marcella Ortega and the Debtor.

**Request No. 10:**

   **Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to RASI Laboratories or anyone associated with RASI Laboratories.**

No responsive documents were produced by the Plaintiffs. Plaintiffs have an ongoing business and personal relationship with RASI Laboratories and its staff beginning at least in 2001 and continuing to at least February 13, 2005 and perhaps the present and must have in their possession hundreds of records and communications relating to this RFP which they have concealed from Acord.. See **Exhibit B** , Page A-007756 demonstrating that communications between Plaintiffs and RASI laboratories have been concealed.

**Request No. 11:**
**Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Jane King AKA Jane Batts.**

No responsive documents were produced by the Plaintiff's.

That communications do exist between the Plaintiffs and Mrs. King is irrefutable and admitted by both Mrs. King and the Plaintiff's. Please see

Exhibit M attached which is an affidavit of Mrs. King and a transcript from the USCT, District of Maryland for April 7, 2004, in which Mr. Mason admits bribing Mrs King and communicating with her. (Note: Acord has been unable to obtain these documents in time to file with this Motion, but will affirm on sworn testimony that they do exist.)

**Request No. 12:**

**Any and all documents between January 2003 to the present referring and relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to John Acord or John Livingston.**

No responsive documents were produced by the Plaintiffs.

Plaintiff's Production Index purports to refer to responsive documents in Index Sets #1, 2, 3, 4, 6, 8, 9. 11 and 12. In fact, there are no such responsive documents aside from motions and complaints that are part of this case and related cases in Maryland and Utah.

The Plaintiff's are deliberately and egregiously withholding documents that may be responsive to this RFP. Attached hereto as Exhibits A, B,C, D, E,, F, G, H and  I all obtained from third-parties wherein the Plaintiff's have refereed directly and indirectly to John Acord or John Livingston. These communications are just the tip of the iceberg and Acord believe there are many hundreds in addition to the presented in these exhibits.

By illustration, the court's attention is directed to **Exhibit E Document No** 32 furnished to Mason's counsel by Ms. Pitts wherein Mason describes to Mrs. Pitts in detail the exact setting and using identical terminology as the drawing he denied under oath and on direct examination by Judge Bohm sending or causing to be sent to Acord.

Mason's instructions to Vicki Pitts was transmitted on March 28, 2005, and states in part:

> "if he get 10 years (you serve 8.5) he'll die in jail, none will claim the body and he'll be buries in an unmarked grave in the backyard of Springfield medical hospital in mo, with queers, nigs, perverts, dements, beaners, sickos, child molesters and all his other friends."

This instruction to Pitts paints the same picture Mason later drew or caused to have drawn and posted to John Acord and attached here as document 19

In another message to Vicki Pitts dated September 1, 2005, Mason again uses language that is identical to the descriptions he paints in his threats to Acord:

> "I'd have dreams of being in jail with niggers, beaners and queers (he is the most homophobic person I've ever met and 90% of everyone in jail is queer)."

In an email dated August 28, 2005, Mason writes Pitts:

> "bozo is a born loser and thinks he is the brightest legal mind in the western world. He was born to lose."

On December 13, 2008, Mason testified to this Court as follows:

**The Court:** All right. Let's go to Exhibit Number 2. Is that a document.— and Exhibit Number 2 is a two-page document, is it not?

**Mr. Mason:** Yes, it is.

**The Court:** All right. The second page of Exhibit 2, there is handwriting on it; am I right?

**Mr. Mason** It's printing, sir, and it's not my printing.

**The Court**: All right.

**Mr. Mason**: It's printing. And—

**The Court:** It was done in either pen or pencil; is that fair?

**Mr. Mason:** Something. May I say something?

**The Court**: Sure.

**Mr. Mason:** There is a zip code at the bottom, and the sevens are unique. It's my understanding this is the European style of writing.

**The Court:** Ok, Well, let me just ask you.

**Mr. Mason:** Yes, sir

**The Court:** Did you write that?

**Mr. Mason:** No, sir.

**The Court**: Okay. Do you know who wrote it?

**Mr. Mason:** No, sir.

**The Court:** Let's go to the first page of Exhibit 2. Prior to today, had you ever seen the first page of exhibit 2?

**Mr. Mason:** Yes, I have.

**The Court:** All right. When did you see it?

**Mr. Mason**: When my attorneys gave it to me.

**The Court:** How long was that, roughly? I mean, one month ago. Two months ago? Three months ago?

**Mr. Mason:** Less than a year, I believe.

**The Court:** Did you participate in drawing the picture that is on the first page of Exhibit 2?

**Mr. Mason:** No, sir.

**The Court:** Okay, do you know who did?

**Mr. Mason:** No sir.

It is obvious when examining the exhibits submitted in **Exhibit E** that

Mason not only stalks Acord in violation of federal and state postal and

stalking  laws but also committed perjury when he denied authoring or

knowing who authored the documents.

This document and others, if admitted by Mason and the Plaintiff, would

clearly cause Mason  to be subject to charges of perjury for his testimony of

December 13, 2007.  Mason aided and abetted by his counsel  has refused

and will continue to refuse to comply with the orders of this Court as to do

so would subject both Mason and his attorneys to admitting to multiple acts

of perjury, tortuous interference, as well as failure to obey the Injunction of

the USDC in Maryland permanently enjoining Mason and anyone associated

with him from committing said tortuous acts. and making disparaging comments about Acord, Marcella Ortega, their associates, the Debtor and products to third parties.

**Request No. 13:**

**<u>Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Marcella Ortega.</u>**

No responsive documents were produced by the Plaintiff's. One exception may be Plaintiff's Index #5 (002991-002296).

**Request No. 14:**

**<u>Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Alan Burns</u>**

No responsive documents were produced by the Plaintiff's.

Plaintiff has had a business relationship with Mr. Burns beginning in 2003 and continuing for an undetermined period. Plaintiffs must produce records produced in the conduct of this business.

**Request No. 15:**

**Any and all documents referring or relating to the preparation and transmission of any communication by yourself or anyone associated with yourself and or acting on your behalf related to any communication sent to Avmazon, Netheal, or VitaminHome, or any other distributor or affiliate of the Debtor. Including all documents that mention directly or indirectly John Acord, John Livingston, Marcella Ortega, Sean Ortega.**

Plaintiff's Index avers that responsive documents can be found in Index Set #1, 4, 6, 9. However, a careful examination does not show any such responsive documents.

Plaintiff's Index 11, 13, 15 are copies of the home pages of Avmazon.com, Vtaminhome.com and were not requested by the Plaintiff. Index #16 and #18 are copies of lawsuits filed against several distributors of the Debtor together with related documents.

*Exhibit C - 1*

# Analysis of the 18 bundles of Documents Submitted By Plaintiff's In Response to First Request for Production of Documents

**Responses by Roger and Ivey Mason and Young Again Products, Inc To John Acord's First Set of Requests For The Production Of Documents To Plaintiff Young Again Products, Inc. And Its Officers Roger Mason and Ivey Mason**

YAP's responses to Acord's RFP were submitted in 18 sets of documents purporting to relate to each of Acord's requests For Production. The documents were not numbered or "Bates Stamped" and no references were made in the accompanying "Production Index" that describes the 18 sets of documents.

The Production Index refers to items not set forth or requested in Acord's RFP and is obviously submitted for the specific purpose of confusing anyone attempting to perform a serious analysis of the documents. As shown below this so-called "index" refers to documents that simply do not exists where the Plaintiff's counsel describes they should be found.

The Court merely has to examine the purported "Production Index" to understand it is simply not responsive in any manner to Acord's RFP. See Exhibit 1 Attached purporting to be the Plaintiff's "Production Index."

Nevertheless, Acord's counsel examined each of the 18 Production Sets to determine if any responsive documents were included among the approximately 12,000 sheets of paper submitted by counsel for the Plaintiffs.

**Document Set No. 1 purports to be responsive to Acord's RFP Nos. 1, 8, 12. 13, 15 and Interrogatory responses 2, 10, 12, 13**.

A careful examination of this #1 Plaintiff's Documents show no documents responsive to RFP 1, 12, 13, and 15 are found. There are also no documents responsive to Interrogatories 2, 10, 12, and 13.

Documents related to ONLY RFP #8 were found and are Bates stamped 002119, and 002128-002133, which are communications with Malcolm Tuckey. See **Exhibit J**. However, only communications   from Tuckey to the Plaintiffs are produced and NO REPLIES or RESPONSES from the Plaintiffs to Tuckey. It is not reasonable that all Plaintiff's communications with its vendor and distributor Malcolm Tuckey should be entirely one-sided with no replies or responses thereto. Plaintiff's have withheld important communications and are in violation of he May 2, 2008 Order of this Court.

**Document Set No. 2 purports to be responsive to Acord's RFP Nos. 12. and 13. Interrogatory responses 2, 12, and 13**.

A careful examination of  #2 Plaintiff's Documents show no documents responsive to RFP 12, and 13, are found. There are also no documents responsive to Interrogatories 2, 12, and 13.

**Document Set No. 3 purports to be responsive to Acord's RFP Nos.1, 8, 12, 13 and 15, and Interrogatory responses 2, 10, 12, and 13**.

A careful examination of  #3 Plaintiff's Documents show no documents responsive to RFP 1, 8. 12. 13 and 15 are found. There are also no documents responsive to Interrogatories 2, 10, 12, and 13.

Only reference is to 002486-002494, which is a previously filed document alleged to be an agreement between Young Again Ireland and Robert Gubbi, which abandoned and non-executed agreement  is already in the court record .

**Document Set No. 4 purports to be responsive to Acord's RFP Nos.3, 8, 12, 13, and 15, and Interrogatory responses 2, 10, 12, and 13**.

A careful examination of Plaintiffs' #4 Plaintiff's Documents show no documents responsive to RFP 12, 13, and 15, are found. There are also no documents responsive to Interrogatories 2, 10, and 12.

Documents that may be related to RFP 3 were found (002830) and RFP #8 (002830) and Interrogatory #13 (002830).

**Document Set No. 5 purports to be responsive to Acord's RFP Nos. 3.and 13, and Interrogatory responses 2, 10, 12, and 13.**

A careful examination of Plaintiffs' #5 Plaintiff's Documents show documents that may be responsive to RFP 3 and 13 are found. There are also no documents responsive to Interrogatories 10, 12. and 13.

Documents that may be related to RFP 3 were found (002991-002995) and RFP #8 (002291-002995) and Interrogatory #2 (002991-002995). See **Exhibit I** attached that shows these communications without any response or reply by the Plaintiff and are incomplete.

**Document Set No. 6  purports to be responsive to Acord's RFP Nos.12, 13 .and 15, and Interrogatory responses 2, 10,  12, and 13.**

A careful examination of this Plaintiff's #6 Plaintiff's Documents show no documents responsive to RFP 12, 13 and 15 are found. There are also no documents responsive to Interrogatories 2, 10, 12, and 13.

**Document Set No. 7  purports to be responsive to Acord's RFP No 8, and Interrogatory responses 2, 10,  12, and 13.**

A careful examination of this Plaintiff's #7 Plaintiff's Documents show only one document that may be responsive. This document (003290) is attached as **Exhibit  H**. It clearly has been sanitized of any replies or answers from the Plaintiff's. There are also no documents responsive to Interrogatories 2, 10, 12, and 13.

**Document Set No. 8 purports to be responsive to Acord's RFP No 12, and 13, and Interrogatory responses 2, 10, 12, and 13.**

A careful examination of this Plaintiff's #8 Plaintiff's Documents show no documents responsive to RFP 12 and 13 are found. There are also no documents responsive to Interrogatories 2, 10, 12, and 13.

**Document Set No. 9  purports to be responsive to Acord's RFP Nos. 6, 12, 13 and 15, and Interrogatory responses 2, 10,  12, and 13**

A careful examination of this Plaintiff's #9 Plaintiff's Documents show no documents responsive to RFP 6, 12 13, and 15 are found. There are also no documents responsive to Interrogatories 2, 10, 12, and 13.

There are copies of publically available web pages that were not requested by Acord and not responsive to his requests.

**Document Set No. 10  purports to be responsive to Acord's RFP No 3 , and Interrogatory responses 2, 10,  11, and 12**

A careful examination of this Plaintiff's #10 Plaintiff's Documents illustrates the contemptuous failure of the Plaintiff and their attorneys to furnish documents that are clearly not privileged and which they are incontestably in possession.

Documents 003820 and 003524-003819 are communications with Vicki Pitts a former employee/ contractor of the Plaintiff and associate of Roger Mason.
Acord's counsel has in its possession over 30 non-disclosed and concealed communications of the Plaintiff and Mr. Mason with Mrs. Vicki Pitts that clearly mention or refer to Mr. Acord and the Debtor. These documents are attached hereto as **Exhibits A, B, and C, Pages _____ through _____**. These documents were furnished by Vicki Pitts to Mr. Mason's counsel, Thomas Freeman on  January 25, 2008 (See Vicki Pitts transmission letter attached hereto as **Exhibit D, page _____**), and have clearly been withheld from Acord by Plaintiffs and Plaintiff's counsel in direct violation of this court's May 2, 2008 order. Failure to produce these documents illustrate the direct role of Plaintiffs' counsel Thomas and Mark Freeman in assisting Plaintiffs' concealment of documents from Acord in violation of the order of this Court.

The motivation of Mason and his counsel in withholding these documents is obvious. Producing these documents would clearly place Mr. Mason, and perhaps his counsel, in serious criminal jeopardy. Production by the Plaintiffs' would also support the Contempt Motion against Plaintiffs currently pending in the USDC, Maryland, in a related action.

By illustration, the court's attention is directed to **Exhibit E Document No _____** furnished to Mason's counsel by Ms. Pitts wherein Mason describes to Mrs. Pitts in detail the exact setting and using identical  terminology as the drawing he denied under oath and on direct examination by Judge Bohm sending or causing to be sent to Acord. This document and others, if admitted by Mason and the Plaintiff, would clearly cause Mason to be subject to charges of perjury for his testimony of December____, 2007. In response to Judge Bohm's questioning Mr. Mason, stated from the witness chair under oath as follows:

> "Refer to Page _____, Mason's Responses to RFP 12

See **Exhibit F**, pages 1 thru 12,  which is a copy of the certified transcript of this proceeding.

Except for copies of publically available web pages not requested by Acord, there are no documents responsive to Interrogatories 2, 10, 12, and 13.

**Document Set No. 11  purports to be responsive to Acord's RFP Nos. 6, 12, 13 and 15, and Interrogatory responses 2, 10,  12, and 13**

A careful examination of this Plaintiff's #11 Plaintiff's Documents show no documents responsive to RFP 6, 12 13, and 15 are found. There are also no documents responsive to Interrogatories 2, 10, 12, and 13.

There are copies of publically available web pages not requested by Acord and not responsive to his requests.

**Document Set No. 12  purports to be responsive to Acord's RFP Nos. 1, 3, 7, 8, 9 and 12, and Interrogatory responses 2, 10,  12, and 13**

A careful examination of this Plaintiff's #12 Plaintiff's Documents show documents responsive to RFP 1 are incomplete as shown by **Exhibit  G**, pages _____ thru_____, which is a copy of letters sent by Mr. Mason to Mr. Gubbi that are not part of this production and have been withheld by Mason.

The same may be said for documents purporting to be responsive to RFP 3, 7, 8, 9, and 12. All are copies of documents previously produced in court filings in this and related actions in Utah and Maryland. These documents  are clearly copied from counsel's files and not from Plaintiff's files, and obvious replies and answers by the Plaintiffs have been excluded and concealed from the production.

No documents responsive to Acord's RFP # 6, 12 13, and 15 are found. There are also no documents responsive to Interrogatories 2, 10, 12, and 13.

There are copies of publically available web pages not requested by Acord and not responsive to his requests.

**Document Set No. 13 purports to be responsive to Acord's RFP No 3 and 15, and Interrogatory responses 2, 10, and 12**.

A careful examination of this Plaintiff's #13 Plaintiff's Documents show documents produced as responsive to RFP 3 have been sanitized in that they are copies of previously filed documents and without any notes, responses or answers from the Plaintiff. They have been produced from counsel's files and not from the files of Mr. Mason. Attached hereto as **Exhibit H** are documents 004143 and 004171.

There are no documents that are responsive to RFP 15.

The same documents may also relate to Interrogatories 2 and 10.  There are no responsive documents relating to Interrogatory 12.

**Document Set No. 14 purports to be responsive to Acord's RFP No 3, 7, 9, 12, 13 and 15, and Interrogatory responses 2, 10, 12 and 13.**

A careful examination of this Plaintiff's #14 Plaintiff's Documents show no documents responsive to RFP 3, 7, 9, 12, 13 and 15 are found. There are also no documents responsive to Interrogatories 2, 10, 12, and 13.

Instead the Plaintiffs produced nearly 4800 sheets of papers, without index or specific references, obtained through Plaintiffs' subpoenas and RFP to the Defendants. If anything this "dump truck" production by the Plaintiffs demonstrates the efforts of Acord and the other Defendants to comply with the orders of the court and the complete failure and contempt by the Plaintiffs for these same orders and specifically this Court's order of May 2, 2008.

No communications are produced from the files of the Plaintiff's, but all are merely regurgitated court filings, motions and exhibits, subpoenas and responses thereto, but nothing that substantively complies with Acord's RFP.

Here a summary of the documents submitted:

007751—Copy of a letter from Acord to Gubbi which is marked as coming from the documents produced by Acord in response to Plaintiff's RFP.

007752-007753 and 007754-007755 are copies of the same documents submitted to Plaintiff's by both Barker and Acord in response to Plaintiff's RFP.

004910-005735 are copies of the mortgage documents related to a property owned by Marcella Ortega. These documents were not requested and are not responsive to any request of Acord.

005739-005815 are copies of the Intetics deposition subpoena – not requested by Acord 006250-006604 are Marcella Ortega's bank statements and subpoena – not requested by Acord.

006604-006648 are copies of Washington Mutual subpoena – not requested

006658-006888 are copies of Avmazon subpoena – not requested.

004293-0049605 are copies of subpoena and response to network solutions – not requested.

0076555+ 560 pages of Marcella Ortega's American express Merchant Account information – not requested.

007656+ 680 pages of Marcella Ortega's Amegy Bank statement – not requested

007652+700 pages of Marcella Ortega's American Express Merchant Account ledgers – not requested

007651+ 100 pages of Marcella Ortega's Statements from Citicard, American Express and Sears credit cards. Not requested.

007654+ 200 pages of Marcella Ortega's American Express Merchant Account statements.

007653 333 pages of Marcella Ortega's American Express Merchant account ledger.

**Document Set No. 15 purports to be responsive to Acord's RFP No 3, 12, 13 and 15, and Interrogatory responses 2, 10, and 12**

A careful examination of this Plaintiff's #15 Plaintiff's Documents show no documents responsive to RFP 12 and 13 are found. There are also no documents responsive to Interrogatory, 12,

RFP 3 and 15 and Interrogatories 2 and 10 refer to a customer of the Debtor who is alleged to have violated Plaintiff's trademark rights on the theory that the Plaintiff's trademark and copyrights extend beyond the jurisdiction of the USA. Regardless, the documents are unrelated to the issues of this action and are not the communications between the Plaintiff's and Avmazon required to be produced to Acord.

**Document Set No. 16 purports to be responsive to Acord's RFP No 3, 12, 13 and 15, and Interrogatory responses 2, 10, and 12**

A careful examination of this Plaintiff's #16 Plaintiff's Documents show no documents responsive to RFP 3, 12 and 13 are found. There are also no documents responsive to Interrogatory 2, 10, and 12,

RFP 15 and Interrogatories 2 and 12 refer to a customer of the Debtor, Vitamin Home, who is alleged to have violated Plaintiff's trademark rights. Regardless, the documents

are unrelated to the issues of this action and are not the communications between the Plaintiff's and Vitamin Home required to be produced to Acord.

**Document Set No. 17 purports to be responsive to Acord's RFP No 3, 5. 12, and 13, and Interrogatory responses 2, 10, and 12**

A careful examination of this Plaintiff's #17 Plaintiff's Documents show no documents responsive to RFP 3, 5, 12 and 13 are found. There are also no documents responsive to Interrogatory 2, 10, and 12,

Documents consisting of copies of lawsuits and attempts at service on a customer of the Debtor, JMS Vitamins, who is alleged to have violated Plaintiff's trademark rights. Regardless, the documents are unrelated to the issues of this action and are not the communications between the Plaintiff's and JMS required to be produced to Acord.

**Document Set No. 18 purports to be responsive to Acord's RFP No 1, 3, 9. 12, 13 and 15, and Interrogatory responses 2, 10, 11 and 12**

A careful examination of this Plaintiff's #18 Plaintiff's Documents show no documents responsive to RFP 1, 3, 9, 12, 13 and 15 are found. There are also no documents responsive to Interrogatory 2, 10, 11 and 12,

Documents consisting of copies of lawsuits and attempts at service on customers of the Debtor, who are alleged to have violated Plaintiff's trademark rights. Regardless, the documents are unrelated to the issues of this action and are not the communications between the Plaintiffs and customers, associates, distributors and vendors required to be produced to Acord.

# Affidavit of John Acord

During the June 23, 2008 hearing the Court inquired of John Acord is he would testify under oath as to the truthfulness of all statements set forth in the accompanying "Discovery Analysis." Acord replied that it was prepared for the use of his counsel and was not ready to be submitted to the Court.

Acord has made a few revisions to clear any ambiguities and hereby submits this Analysis under penalty of perjury with the caveat that if any errors occur

they are unintentional and simply overlooked. Acord will bring the documents to the Court on July 9 at 5:30 and will be prepared to testify as to their content.

Best regards,


John Acord, in pro per
Sui Juris
1919 Cattle Drive
Magnolia, TX 77354
832-368-3599
jpacord@yahoo.com

[w

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, certified mail, return receipt requested, to Margaret McClure on this the 7thnd day of July, 2008.

JOHN ACORD

Young Again Products, Inc.
c/o Margaret M. McClure
Attorney at Law
909 Fannin, Suite 3810
Houston, TX 77010

Ben Floyd, Trustee
700 Louisiana Street, Suite 2200
Houston, TX 77010

Marcella Ortega
1919 Cattle Drive
Magnolia, TX 77354

Robert Singer, Esq.
4550 Post Oak Place, Suite 175
Houston, TX 77027
713-627-2977

John Acord