

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| SUPPLEMENT SPOT, LLC | § § | CASE NO. 06-35903-H4-11 |
| Debtor | § § | Chapter 11 |
| YOUNG AGAIN PRODUCTS, INC., | § § | |
| Plaintiff | § § | |
| vs. | § § | ADVERSARY NO. 07-3019 |
| SUPPLEMENTAL SPOT, LLC, MARCELLA ORTEGA, AND JOHN ACORD a/k/a JOHN LIVINGSTON, | § § § § | |
| Defendants | § § | |

**REPORT AND RECOMMENDATION TO THE UNITED STATES DISTRICT COURT RECOMMENDING THE WITHDRAWAL OF THE REFERENCE OF THIS ADVERSARY PROCEEDING**

**I. Introduction**

On November 3, 2006, Supplement Spot, LLC (the Debtor) filed a voluntary Chapter 11 petition. Marcella Ortega (Ortega), the president and sole member of the Debtor, signed the petition. Ortega is approximately eighty-five years old and is in frail health. Additionally, at the time of filing, John Acord (Acord)—Ortega's son and the manager of the Debtor—was primarily responsible for the Debtor's business operations. The Debtor is in the business of selling nutrients that promote youthfulness.

On January 24, 2007, Plaintiff Young Again Products, Inc. (YAP), filed this adversary proceeding against the Debtor, Acord, and Ortega (the Defendants). [Docket No. 1]. YAP's

complaint alleges that the Defendants, after the filing of the Debtor's bankruptcy petition, conspired to commit fraud by using YAP's intellectual property as if it belonged to the Debtor, and yet, failed to schedule this property in its Chapter 11 case. As a result of the Debtor's misdeeds, done by and through Acord and Ortega, YAP seeks monetary damages as compensation for the use of its intellectual property.

On February 27, 2007, this Court appointed a Chapter 11 trustee (the Trustee). This action had the effect of removing Ortega and Acord from having control over the Debtor's business operations. Meanwhile, YAP continued to prosecute its lawsuit against the Defendants. This Court held numerous pretrial hearings, which primarily concerned discovery disputes. Trial was originally scheduled to be held during the week of October 8, 2007, and then was continued, from time to time, until July 14, 2008.

On September 11, 2007, Acord filed, *pro se*, a Demand for a Jury Trial. [Docket No. 53]. Included at the very end of this filing was the following statement: "The Movant prays he be allowed to withdraw this proceeding to the U. S [sic] District Court for the on the [sic] grounds set forth above." *Id.* at 6. The Court construes this clause to be a request for withdrawal of the reference.[1] *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (pleadings filed by *pro se* plaintiffs are construed by courts under a less stringent standard than those drafted by attorneys); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2000) (pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them); *see also In re Schaefer*, 154 B.R. 227, 231 (Bankr. S.D. Tex. 1993) (*pro se* litigants receive greater latitude in enforcement of Bankruptcy Rules).

---

[1] If the Court is wrong, and this clause is not a proper request to withdraw the reference, the Court can, and does, recommend the withdrawal of this reference *sua sponte*. *See Wolinsky v. Oak Tree Imaging, LP*, 362 B.R. 770, 775 n.3 (S.D. Tex. 2007).

For the reasons set forth herein, this Court recommends that the District Court withdraw the reference of this adversary proceeding.

## II. Report

In *Holland America Insurance Company v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985), the Fifth Circuit held that in determining whether a movant has shown cause under 28 U.S.C. § 157(d) to withdraw the reference, a district court should consider the following issues: (1) whether the underlying lawsuit is a core or non-core proceeding; (2) whether promotion of uniformity in bankruptcy administration will be achieved; (3) whether forum shopping and confusion will be reduced; (4) whether there will be economical use of the debtors' and creditors' resources; (5) whether the withdrawal of reference will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial. *See also Mirant Corp. v. S. Co.*, 337 B.R. 107, 115 (N.D. Tex. 2006) (considering *Holland America* factors in determination of motion to withdraw reference). The Court applies each of these factors to the adversary proceeding at bar.

### 1. Whether the underlying lawsuit is a core or non-core proceeding?

The Court believes that the Plaintiff's cause of action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Section 157(b)(2)(A) provides that "matters concerning the administration of the estate" are core proceedings. The current suit will affect the liabilities of the bankruptcy estate (i.e. through liability imposed on the Debtor), and therefore, concerns the administration of the estate because each dollar that the estate must pay as a result of this suit is a dollar that will not go to creditors. *See Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co.*, 272 B.R. 104, 108 (E.D. Pa. 2001) ("[A]ctions based upon post-petition causes of actions are 'matters concerning the administration of the estate.'" (quoting § 157(b)(2)(A)). Further, § 157(b)(2)(O) states that "other proceedings affecting the liquidation of the assets of the estate or the

adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims" are core proceedings. For the same reasons described in regards to § 157(a)(2)(A), this adversary proceeding is a core proceeding under § 157(b)(2)(O). Thus, this factor weighs against withdrawing the reference.

### 2. Whether promotion of uniformity in bankruptcy administration will be achieved?

If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in bankruptcy administration. *See Palmer & Palmer, P.C. v. U.S. Trustee (In re Hargis)*, 146 B.R. 173, 176 (N.D. Tex. 1992); *Kenai Corp. v. Nat'l Union Fire Ins. Co.(In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992) ("Given [the bankruptcy's judge's] familiarity with the bankruptcy case involving [the debtor], [the bankruptcy judge] is in the best position to monitor all the proceedings related to that bankruptcy. . . .").

In weighing this factor, the Court will draw upon two of its Report and Recommendations that reached opposite conclusions under this factor. *Waldron v. Nat. Union Fire Ins. Co. of Pittsburgh, PA (In re EbaseOne Corp.)*, 2006 WL 2405732, No. 01-31527-H4-7, Adv. No. 06-3197, at *4 (Bankr. S.D. Tex. June 14, 2006); *Veldekens v. GE HFS, Inc. (In re Doctors Hosp. 1997, L.P.)*, 351 B.R. 813, 867–68 (Bankr. S.D. Tex. 2006). In *EbaseOne,* this Court noted that none of the substantive issues in the adversary proceeding had been reached because the motion to withdraw was filed shortly after the complaint. The Court concluded that it had not reached a significant level of familiarity with the case and that the factor favored withdrawal. Conversely, in *Doctors Hospital*, this Court had previously held hearings on an application for preliminary injunction and several motions for summary judgment. The Court, therefore, determined that it had reached such a level of familiarity with the facts of the

underlying adversary proceeding that it would be disruptive to the uniformity of bankruptcy administration for the suit to be withdrawn.

Of these two polar examples, the facts of the present adversary proceeding are closer to *Doctors Hospital*. The Court has held no less than twenty-three hearings in the current adversary proceeding (May 31, 2007, July 16, 2007, October 2, 2007, October 9, 2007, November 13, 2007, December 10, 2007, December 13, 2007, December 18, 2007, January 8, 2008, January 9, 2007, January 18, 2008, January 24, 2008, February 20, 2008, February 21, 2008, February 29, 2008, March 3, 2008, May 2, 2008, June 23, 2008, July 9, 2008, July 14, 2008, and July 15, 2008). These hearings were both procedural and substantive in nature. As such, this Court has spent significant quantities of time becoming familiar with the facts of the underlying complaint in this adversary proceeding and the current procedural state of the suit. Because this Court has invested large amounts of its time and resources on the current controversy and has made both procedural and substantive rulings, this factor weighs against withdrawing the reference.

### 3. Whether forum shopping and confusion will be reduced?

There is no evidence in the record supporting an inference that this lawsuit involved forum shopping of any kind. Thus, this factor weighs against withdrawal of the reference.

### 4. Whether there will be economical use of the debtors' and creditors' resources?

One of the major goals of bankruptcy law is the efficient use of the debtors' and creditors' resources in efforts to administer the debtor's estate and to resolve any related litigation. *Plan Admin'r v. Lone Star RV Sales, Inc. (In re Conseco Fin. Corp.)*, 324 B.R. 50, 55 (N.D. Ill. 2005) (citing *Holland Am.*, 777 F.2d at 999). In most instances, this Court determines that this factor favors withdrawing the reference in non-core proceedings, and does not favor withdrawal in core proceedings. *See EbaseOne*, 2006 WL 2405732, at *4 (noting that resources

will be wasted by a bankruptcy court retaining a non-core proceeding because the district court will make a *de novo* review of the bankruptcy court's findings of fact and conclusions of law). However, the Court believes there is reason to deviate from this general rule in the current adversary proceeding.

The Court believes that YAP and the Defendants will expend minimal additional funds should the District Court withdraw the reference in this adversary proceeding because any expenses incurred during a trial before the District Court would likely have been incurred if a trial had been held before this Court. In contrast, if this Court were to conduct a full bench trial, and thereafter it was determined that the Defendants were entitled to a jury trial, tremendous inefficiency would befall the parties. An entirely new trial would need be conducted—a process that would require the parties to spend additional time and money. The Court notes that, in recommending withdrawal of the reference, trial will likely be delayed for a time, but such an inefficiency pales in comparison to the costs associated with conducting an entirely new trial. As such, this consideration weighs in favor of withdrawing the reference.

### 5. Whether the withdrawal of reference will expedite the bankruptcy process?

A district court should consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy case. *In re Pruitt*, 910 F.2d 1160, 1168 (3rd Cir. 1990). This Court has yet to confirm any plan of reorganization in the main case. Randall A. Rios, counsel for the Trustee, stated during a hearing on July 15, 2008 that withdrawal of the reference—and any associated delay—would not inhibit the Trustee's ability to propose and then obtain confirmation of a plan. As such, this factor weighs in favor of withdrawal or, alternatively, at least does not particularly weigh against withdrawal.

## 6. Whether a party has demanded a jury trial?

This is a crucial factor in any motion to withdraw reference, and, not surprisingly, it is the main dispute between the parties in this adversary proceeding. This factor favors denying withdrawal if there has been an affirmative waiver of the right to a jury trial, or there never existed any right to a jury trial. In the suit at bar, YAP solely seeks legal relief in the form of monetary damages, and as such, the right to a jury trial is present in the current adversary proceeding. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 40–42 (1989). Hence, the question at bar is whether there has since been an affirmative waiver of the right to a jury trial by Acord. As pointed out by United States District Judge Kenneth Hoyt, "courts must indulge in a presumption against waiver of the Seventh Amendment right to a jury trial." *In re Doctors Hosp. 1997, L.P.*, No. 4:06-cv-03296, Mem. Op. on the Mot. to Withdraw the Reference, at 11 (quoting *Mirant Corp. v. S. Co.*, 337 B.R. 107, 121 (N.D. Tex. 2006)). Acord has not expressly waived the right to a jury trial; indeed, on April 23, 2007, Acord included a jury demand in his timely filed Answer.[2] [Docket No. 16]. Thus, the pertinent inquiry is whether an implied waiver has occurred, as YAP contends. The Court believes that Acord has not made such a waiver.

"In general, asserting a claim against the bankruptcy estate invokes the claims allowance process . . . [and therefore] by filing a claim against the estate, the claimant has invoked the bankruptcy court's equitable power and has waived the right to a jury trial." *In re British Am. Props. III, Ltd.*, 369 B.R. 322, 329 (Bankr. S.D. Tex. 2007). During the July 16, 2008 hearing, YAP argued that on May 5, 2008, when Acord filed a motion requesting leave to file a counterclaim [Docket No. 174], he invoked this Court's equitable power and waived his right to a

---

[2] The Court notes that this was actually the first of two jury demands filed by Acord. The second demand was filed on September 11, 2007 in the pleading entitled Demand for a Jury Trial. [Docket No. 53].

jury trial.[3] In support of this position, YAP cites *Matter of Peachtree Lane Associates, Ltd.* for the proposition that *requesting permission* from a bankruptcy court to file a claim against a bankruptcy estate is sufficient to waive the right to a jury trial. 150 F.3d 788, 798–799 (7th Cir. 1998). YAP's reliance on *Peachtree* is misplaced.

The line of cases relied upon by YAP all found waiver of the right to a jury trial "because the counterclaim was a prepetition claim which would be disposed of through the equitable jurisdiction of the bankruptcy court . . . [and] implicated restructuring of the debtor-creditor relationship and affected allowance or disallowance of claims *against the estate*." *British Am. Props.*, 369 B.R. at 329–30 (quoting *In re Capital Assocs. Int., Inc.*, 2003 Bankr. LEXIS, 931 at *18 (Bankr. N.D. Tex. Aug. 6, 2003)) (emphasis added). This proposition is inapplicable to the controversy at bar because Acord sought to file a counterclaim against *YAP, as opposed to a cross-claim against the Debtor or the Debtor's estate*. Absent a claim against the estate that arose prepetition, this line of cases is not pertinent to the suit at bar. As such, Acord's actions did not impliedly waive the right to a jury trial.

Finally, in making this Recommendation, the Court recognizes the substantial weight that must be given to a party's jury demand when deciding whether to recommend withdrawal of the reference. As stated by United States District Judge Barbara Lynn: "A party against whom legal action has been brought to recover monetary damages and who has never filed a claim against

---

[3] Acord initially represented himself *pro se*. Subsequently, he retained counsel (Andrew M. Williams), who eventually withdrew from the representation with Acord's complete consent. Acord then resumed representing himself *pro se*. Eventually, however, he decided to retain a second counsel, Joe Alfred Izen, Jr. It was Izen who filed the Motion Requesting Leave to File a Counterclaim. [Docket No. 174]. While Izen is a seasoned attorney who assuredly understands the concept of waiving a jury trial, the fact that he—as opposed to Acord—filed this motion does not strengthen YAP's argument, as discussed herein.
  The Court also notes that Izen presently may not appear on behalf of Acord due to a probated suspension that Izen received from the State Bar of Texas. Izen sought this Court's approval to appear *pro hac vice* after the undersigned judge learned of the probated suspension, but this Court declined to grant such relief on the grounds that to do so would undermine the District Local Rules that are in effect. [Docket No. 199]. Accordingly, Acord presently represents himself *pro se*.

the estate is entitled to a jury trial under the constitutional mandates of the Seventh Amendment to the United States Constitution, notwithstanding Congress' characterization of the action as a core proceeding." *In re Nu Van Tech., Inc.*, No. 01-49589, 2003 WL 23785355, at *2 (N.D. Tex. Oct. 14, 2003) (unreported opinion). As such, this Court places a heavy emphasis on this consideration because Acord is "[a] party against whom legal action has been brought to recover monetary damages and who has never filed a claim against the estate."

### III. Recommendation

Of the six *Holland America* factors, three disfavor withdrawal of the reference, one has no bearing, and the two other factors favor withdrawal. However, the most important factor—whether Acord is entitled to a jury trial—does favor withdrawal. There is no numerical majority requirement in *Holland America*. Rather, the Court must weight the importance of each factor

given the circumstances in each suit. Under the circumstances in this adversary proceeding, this Court respectfully recommends to the District Court that the reference be withdrawn.[4]

Signed on this 25th day of July, 2008.

Jeff Bohm
United States Bankruptcy Judge

---

[4] In making this recommendation, the Court is mindful of *In re Coral Petroleum, Inc.* 62 B.R. 699 (Bankr. S.D. Tex. 1986). In *Coral Petroleum*, the plaintiff brought suit against a Chapter 11 debtor and other parties not in bankruptcy. Subsequently, the debtor settled with the plaintiff.

In evaluating whether jurisdiction existed for the bankruptcy court to hear the plaintiff's complaint, Bankruptcy Judge Wheless recognized that if jurisdiction existed at the time that the complaint was filed, it is not defeated by subsequent events. *Id.* at 701. As such, Judge Wheless found that he had jurisdiction over the suit despite the fact that the debtor had settled with the plaintiff, thereby removing the debtor as a party-defendant. However, after making this determination, Judge Wheless found that it was more appropriate for the District Court to hear an action that involved only nondebtor parties.

The suit at bar is similar to *Coral Petroleum*. As of the writing of this Report and Recommendation, the undersigned judge believes—based upon recent representations made by counsel for the Trustee and counsel for YAP—that the Trustee, on behalf of the Chapter 11 estate of Supplement Spot, is likely to settle with the Plaintiff. The Court believes this fact favors withdrawal of the reference because, if a settlement is reached, the Chapter 11 estate will not longer be a party to the suit.

Finally, if the District Court withdraws the reference, there are two pending motions that this Court has not disposed of: (1) John Acord's Motion to Strike Plaintiff's Pleadings and Hold Roger W. Mason and Thomas Freeman in Contempt [Docket No. 224]; and (2) Plaintiff's Emergency Motion to Seal and Order John Acord to Destroy the Exhibits Attached to his Motion to Strike [Docket No. 228]. Although the undersigned bankruptcy judge heard some testimony and argument on these two motions, the undersigned judge believes that additional testimony needs to be adduced. Moreover, given the serious allegations made in these motions, and the importance of the rulings on the trial itself, the undersigned judge believes he should defer to the District Court on these rulings.