IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
AT HOUSTON, TEXAS

| | | |
|---|---|---|
| IN RE: SUPPLEMENT SPOT, LLC,<br>DEBTOR, | §<br>§<br>§ | CASE NO. 06-35903<br>CHAPTER 11 |
| YOUNG AGAIN PRODUCTS, INC.,<br>PLAINTIFF, | §<br>§<br>§ | |
| VS. | §<br>§ | ADVERSARY NO. 07-3019 |
| SUPPLEMENT SPOT, LLC, ET AL,<br>DEFENDANTS, | §<br>§ | |

**DEFENDANT, JOHN ACORD'S, AMENDED OPPOSITION TO YOUNG AGAIN PRODUCTS, INC.'S MOTION TO SEAL EXHIBIT 2 IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' JOINT MOTION FOR SANCTIONS AND CONTEMPT AGAINST PLAINTIFF AND ITS ATTORNEYS AND PLAINTIFF'S EXPEDITED MOTION FOR RECONSIDERATION AND, IN THE ALTERNATIVE, JOHN ACORD'S MOTION TO STRIKE AND ISSUE A PROTECTIVE ORDER PREVENTING JOHN ACORD FROM USE OR DISCLOSURES OF THE EXHIBITS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, the Defendant, John Acord ("ACORD") through his attorney of record, Joe Alfred Izen, Jr., and files this his Amended Opposition to the Plaintiff, Young Again Products, Inc. ("YOUNG AGAIN") Motion to Seal Exhibit 2 in Support of its Opposition to Defendants' Joint Motion for Sanctions and Contempt Against Plaintiff and its Attorneys and Plaintiff's expedited Motion for Reconsideration of this Court's Decision to Defer to District Court for Ruling on...In the Alternative, to Seal the Exhibits to John Acord's Motion to Strike and Issue a Protective Order Preventing John Acord from Use or Disclosure of Exhibits Pending a Ruling by the District Court and, in opposition to the relief requested by Plaintiff, Young Again Products, and its attorneys, would show the Court the following:

**BACKGROUND FACTS PERTINENT TO DEFENDANT ACORD'S OPPOSITION**

I.

1. This Court has previously ordered Defendant John Acord to file any further any Objection or Opposition to Plaintiff, Young Again Products, Motions to Seal or Destroy Documents and Records Purportedly Contained in "Exhibit 2" by November 25, 2008.

2. At the hearing conducted before this Court on Joe Alfred Izen, Jr.'s Motion for Rehearing of his Application to Appear Pro Hac Vice, Young Again's counsel, Margaret McClure, Esq., "reminded" this Court that Plaintiff, Young Again, was still seeking an order requiring Defendant John Acord to destroy records in "Exhibit 2" which were attached to one of John Acord's pro se filings. Attorney Margaret McClure reurged her claim that the documents in Exhibit 2 were "protected by attorney client privilege and work product immunity" and that Defendant Acord had no right to possess these papers.

3. Although her statements were not under oath, and therefore can not be treated as "evidence" under Texas law, attorney Margaret McClure asserted that the documents contained in "Exhibit 2" were obtained from a witness who resides in the State of Arizona, Vickie Pitts, under a subpoena "issued in the Maryland case." (Attorney statement not evidence if not made under oath). In Re: Wallingford, 64 S.W.3d 22, 25 (Tex. App.-Austin [3d Dist.] 1999). (The Plaintiff in this case, Young Again Products, sued Defendant, John Acord, in the United States District Court for the District of Maryland, Greenbelt Division. That case is still pending.) When Defendant Acord's counsel pointed out that no

such subpoena had ever been issued to the witness Pitts in this Bankruptcy case, attorney McClure claimed that the records had been obtained from witness Pitts through "...a subpoena (issued) in the Maryland case...."

4. Young Again's counsel seek to enlist the aid of a judicial officer in compelling the destruction of records which, according to Young Again and its counsel's own admission **were produced under federal subpoena.**

5. A careful examination of the content of the various emails and documents contained in "Exhibit 2" reveals that no good faith ground for asserting attorney-client privilege or work product immunity exists and that, once more, Young Again and its counsel have put forth spurious claims of privilege.

6. Closer analysis of the items contained in "Exhibit 2" coupled with uncontroverted facts proven by the record of this Court, the record in the Maryland case, and the admissions of Young Again's own counsel provide far more fundamental grounds to deny the document destruction and obstruction of Justice sought by the Plaintiff's motions.

**SUMMARY OF LEGAL AND FACTUAL ARGUMENTS SUPPORTING DENIAL OF THE DOCUMENT DESTRUCTION SOUGHT BY YOUNG AGAIN AND/OR ITS COUNSEL**

II.

1. If attorney McClure's unsworn allegation -- that the documents and evidence in Exhibit 2 were "...obtained from the witness Pitts through (issuance --- of a subpoena in the Maryland case) are true, then Plaintiff, Young Again, through its counsels issuing the subpoena **WAIVED** any right to attorney-client privilege or work product immunity when the witness, Pitts, produced

the documents to all parties in the case including Plaintiff, Young Again, **and Defendant, John Acord,** in compliance with Young Again's subpoena.

2. If counsel for Plaintiff, Young Again, did not provide notice to all parties in the Maryland case of the issuance of the subpoena to witness Pitts, they violated the requirements of Rule 45 Federal Rules of Civil Procedure and acted unethically. Members of the Bar of a Federal Court who act as "officers" must provide all parties with notice of the issuance of third party subpoenas and must make all records obtained from any third parties available for inspection and copying by all parties.

3. The witness, Vickie Pitts, that produced the documents to John Acord, was not an employee of Young Again as falsely claimed by Roger Mason during his testimony before this Court. Mason and Young Again have had over thirty days to produce employee withholding forms W-4 and W-2 or any other proof that Pitts is Young Again's employee. If Vickie Pitts is/was an agent of Young Again for the purpose of selling supplements, she was a general agent who had nothing to do with planning or assisting in Young Again's legal representation or in providing information assisting such representation.

4. Nor is there any evidence that the witness Pitts was aware that, while she received and responded to emails and correspondence from Young Again's corporate executive Mason he was seeking information to assist in legal representation and/or that the purpose of Pitts' response was to aid in Young Again's legal representation.

5. There is no showing that Vickie Pitts, an ordinary

sales agent, at best, had a "need to know" information provided to her by Mason nor did Young Again or Mason make any effort to indicate, in his communications to Pitts, that any of the information being imparted was confidential other than Mason's reference to a letter which he instructed the witness Pitts to clandestinely mail for the purpose of embarrassing, harassing, humiliation, and possibly extorting, a business associate which he claimed, owed him money.

6. None of the documents or evidence in "Exhibit 2" bear any resemblance to the legitimate work product of an attorney or any legal assistant. This evidence consists mostly of Masons' emails containing boasts, threats, and foul language, coupled with the recurrent theme that Defendant Acord would die penniless, and that Mason would "inherit" all of Defendant Acord's hard work through his manipulation of various legal actions and Federal Judges.

7. The content of these emails and evidence in "Exhibit 2" fits squarely within the crime, fraud, and tort exception, to the attorney-client privilege -- Mason announces his own conspiracy to drive Defendants Acord and Ortega out of business, invites the world, including any sales agents such as Pitts, to join in and share the profit of his scheme, and attempts to encourage his "email audience" by assuring them that his attorney Freeman hates Acord and wants to put him out of business "before the end of the year." Although Mason denied having authored the "Pet Cematery death threat cartoon" under direct questioning of this Court at a previous pretrial hearing, the content of his emails to Pitts which he now (understandably) seeks to destroy use the same

vernacular and taken as a whole (including his invitation to Pitts to act as a clandestine remailer in furtherance of his schemes) provides reasonable certainty of perjury.

8. Young Again and its counsel invite this Court to join in Mason's manipulation of Federal Court legal process by destroying the evidence of his fraud, misrepresentation, and obstruction of Justice. This Court must decline his invitation and will be required, at the appropriate time, to determine the nature and extent of any discovery and ethical misconduct utilizing in part the very evidence the Plaintiff and its counsel seek to destroy.

**LEGAL ARGUMENT AND AUTHORITY IN SUPPORT OF DEFENDANT ACORD'S OPPOSITION**

III.

**1. FAILURE TO PROVIDE NOTICE OF THE ISSUANCE OF A THIRD PARTY SUBPOENA AND TO PROVIDE ACCESS TO DOCUMENTS OBTAINED THEREUNDER NOT ONLY VIOLATES RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, BUT CONSTITUTES UNETHICAL CONDUCT.**

If Ms. McClure's announcement in open Court is to be believed (she was not under oath), Young Again obtained the records in "Exhibit 2," which it seeks to destroy, from a third party subpoena issued by attorney Freeman in the Maryland litigation. Rule 45 Federal Rules of Civil Procedure mandates that all parties be provided notice (which would include a copy) of any third party subpoenas issued. Defendant Acord states to his counsel Izen that **he never received a copy of any subpoena directed to Vickie Pitts in the Maryland litigation.** Defendant Acord denies that attorney Freeman ever informed him that he had received any records from witness Pitts or any other third party witness in that case or that he was offered access to such records. Witness Pitts states in a letter to Defendant Acord that she provided

Defendant Acord the records and documents in "Exhibit 2" because Acord's attorney, Dawn Korman, requested then and informed Pitts that Acord was a party to the Maryland case. See Document 232, Defendant, John Acord's, Opposition to Plaintiff's Emergency Motion to Seal and Destroy Records Obtained from Vickie Pitts, PP. 5 and 6.

Where counsel issue clandestine subpoenas and fail to inform other parties, they have violated Rule 45 Federal Rules of Civil Procedure, and have acted unethically. Welch v. Centex Home Equity Co., LLC, No. 03-2132-JWL-DJW (D.Kan. 2004):

> In addition, when an attorney misuses his or her power under Rule 45 to command a non-litigant to produce documents in a law suit to which he or she is a stranger by failing to give appropriate notice to the parties, public confidence in the integrity of court processes is eroded.

Citing Biocore Med. Tech., Inc. v. Khosrowshahi, 181 F.R.D. 660, 667 (D.Kan. 1998). Spencer v. Steinman, 179 F.R.E. 484, 489-90 (E.D. Penn. 1998).

The role of attorneys sanctioned for misuse of Rule 45 is legion. U.S. v. Santiago-Lugo, 904 F.Supp. 43 (P.R. 1995). As Judge Fuste in Santiago-Lugo observed:

> Regarding the Federal Rule of Civil Procedure 45 subpoenas issued by attorney Erick Morales, the Court finds that the subpoena power of the Court was improperly and illegally used to circumvent bona fide civil and criminal discovery.
>
> A civil subpoena is a mandate issued in the name of a Court, traditionally by the Clerk of the Court thereof, but, under current practice, may be lawfully issued by attorneys. Federal Rule of Civil Procedure 45(a)(1) (A), (B), (2) and (3). Its primary and traditional function is to compel the attendance of witnesses and the production of documents to formal court proceedings during the pretrial stage of a civil case or a trial. Federal Rule of Civil Procedure 45(a)(1) -- (3). The subpoena power allows the parties to bring before the

> Court all the available information for the determination of controversies before it.
>
> Unauthorized or illegal use of the subpoena power of this Court under Fed.R.Crim. P. 17 and Federal Rule of Civil Procedure 45 is strictly prohibited and the Bar is advised that misuse of the subpoena power of this Court will carry disciplinary sanctions.

Santiago-Lugo at 46-47, and 84. Murphy v. Board of Educ. of Rochester City Sch. Dist., (N.D. N.Y. 9-12-2000), 196 F.R.D. 220, 225 (W.D. N.Y. 2000):

> There is no colorable basis either legally or factually to support Plaintiff's counsel's issuance of these subpoenas without giving prior notice to opposing counsel.

Notice of the issuance of such subpoenas must be provided to all parties to the litigation. Automotive Inspection Services v. Flint Auto Auction, No. 06-15100 (E.D. Mich. 11-9-2007). Citing Murphy; Schweizer v. Mulvehill, 93 F.Supp.2d 376, 411 (S.D. N.Y. 2000) and 9 James William Moore, Moore's Federal Practice, Section 45.03[4][b][iii] (3d Ed. 2000). See also Watson v. State, CV-04-61-H-CSO (D. Mont., 7-27-2006).

Based on the evidence before this Court, the record, and the admissions of counsel, the witness, Vickie Pitts produced the documents contained in "Exhibit 2" as a result of Plaintiff, Young Again's, service of a third party subpoena on witness Pitts and the production of the records called for in Young Again's own subpoena to Defendant Acord -- because he was a party to the Maryland case. Plaintiff, Young Again, and its attorney Freeman apparently violated Rule 45 Federal Rules of Civil Procedure by failing to provide notice to Defendant Acord, or any other party in the Maryland case, of the service of the third party subpoena on Pitts. The Rule 45 violation standing alone, mandates denial

of the requested destruction of the records in question. This Court should not interfere, in any manner, with Defendant Acord's possession and use of such documents.

**2. A PARTY THAT SUBPOENAS ITS OWN RECORDS WAIVES ANY CLAIM TO ATTORNEY CLIENT PRIVILEGE OR WORK PRODUCT IMMUNITY.**

Production of records, documents, or evidence, in compliance with a subpoena waives any claim to attorney client privilege or work product immunity. Westinghouse v. Republic of the Philippines, 951 F.2d 1414, 1427 n. 14 (3d Cir. 1991). By subpoenaing its own records, Young Again, through its counsel, **voluntarily WAIVED** any claim to work product immunity or attorney client privilege.

**3. BASED ON THE CONTENTS OF THE DOCUMENTS AND EVIDENCE IN "EXHIBIT 2," YOUNG AGAIN'S CLAIMS TO ATTORNEY CLIENT PRIVILEGE AND WORK PRODUCT IMMUNITY ARE UNTENABLE.**

Roger Mason's business discussions with Vickie Pitts, who, at best, was a general sales agent who operated her own business independent of Young Again, were unprivileged. Moran v. Davita, Inc., C.A. 06-5620 (JAP) (N.J.) 9-26-2008).

Understandably, Young Again and its chief executive, Roger Mason, would like to destroy the incriminating emails that fell into the hands of Defendant Acord as a result of attorney Freeman's (improvident?) third party subpoena of his client's own documents. Neither the attorney-client privilege or the work product immunity doctrine protect disclosure of damaging or incriminating information. Doe v. Elwood Public Sch. Dist., 7:04CV5011 (Neb. 12-18-2006).

Judge Atlas recited the definitions of attorney-client privilege and work product immunity prevalent in the Fifth Cir-

cuit in Performance After Market v. TI Gr. Auto. Sys., C.A. No. H-05-4251 (S.D. Tex. 5-11-2007). None of the documents, emails, or evidence contained in "Exhibit 2" qualifies as privileged under these two definitions.

There has been no proof that Vickie Pitts, a general agent having her own business for resale of Young Again Products was an agent with a "need to know" concerning the details of Young Again's legal representation. Young Again's claims to attorney client privilege fail based on that failure of proof alone. Muro v. Target Corp. No. 04-C-6267 (M.D. Ill. 6-7-2007) and Schwarz v. Pharma, Inc. v. Teva Pharmaceuticals USA, Inc., No. 01-4995 (N.J. 9-27-2007). Nor do any of the documents, evidence, or emails contain any representation that they are to be held in confidence. See Muro, supra.

A client's threatening letter that falls into the hands of his attorneys is likewise unprivileged even if it is written to an attorney by his own client. D'Amario v. U.S., C.A. 04-2221 (D. N.J. 12-7-2005).

Here, Roger Mason's emails and correspondence reveal a scheme to destroy the Defendant Acord's family business, to convert his trade secrets (customer lists) and to do so through tortious means. The schemes and machinations described on the face of Masons' correspondence and emails fits neatly within the crime, fraud, tort exception, to the attorney-client privilege. Merckle GMBH v. Johnson and Johnson, 961 F.Supp. 721 (N.J. 1997). (Conversion of trade secret information actionable). Flexible Benefits Council v. Feldman, 1:08-CV-271 (JCC) (E.D. Va. 10-8-2008). Citing United States v. Jones, 696 F.2d 1069, 1072 (4th

Cir. 1982) (Reciting crime, fraud, tort exception to the attorney-client privilege). (Actionable Scheme to steal customer lists).

Emails that do not seek legal advice are not privileged even if they constitute internal communications. AIU Ins. Co. v. TIG Ins. Co., 07-Civ. 752 (SHS) (HBP) (S.D. N.Y. 8-28-2008).

Disclosure to an ordinary agent of a corporation or company not responsible for its legal representation waives any claim to attorney-client privilege or work product immunity. MLC Automotive, LLC v. Town of Southern Pines, 1:05CV1078 (N.D. N.C. 1-11-2007).

The attorney-client privilege protects those communications necessary for legal advice. Regional Airport Auth. of Louisville v. LFG, 460 F.3d 697, 713 (6th Cir. 2006).

Communications are unprivileged where they do not involve legal advice. Baran v. Walsh Constr. Co., No. 05C4792 (N.D. Ill. 1-4-2007).

**CONCLUSION**

Once more, Young Again and its counsel have asserted spurious claims of privilege. Claims to privilege asserted in bad faith are grounds for sanctions as well as denial of all relief sought. Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986). Thompson v. Assurant Employee Benefit, No. 07-1052-MLB (Kan, 1-4-2008). A Counsel that issues a third party subpoena is acting as an arm of the Court. The violations of Rule 45 Federal Rules of Civil Procedure presented by this record require a denial of relief sought by Plaintiff, Young Again. Okros v. Angelo Iafrate Const. Co., No. 07-1455 (6th Cir. 10-17-08). Rule

45 violations coupled with misrepresentations mandate disciplinary action. See Okros, supra.

Plaintiff, Young Again, and its counsel attempt to "take back" documents which they apparently secreted after obtaining the documents through issuance of a third party subpoena. "Claw back" relief is preserved for those parties or counsel who have made mistaken disclosure untinged by fraud. Williams v. Taser Internatl., Inc., C.A. No. 1:06-CV-0051 (RWS) (N.D. Ga. 1-22-2008). Attorney McClure's representation in Document 228:

> This Motion to Strike and its exhibits were delivered to counsel for the Plaintiff by an employee of John Acord and/or Supplement Spot at or about 3:00 p.m. on July 8, 2008
>
> Prior to that time and date, Plaintiff had no knowledge that John Acord had these documents in his possession.

is directly refuted by Exhibit A, and other exhibits attached to this Opposition. Defendant Acord alleges that upon closer examination of the record in this case and the Maryland case, further misrepresentations may come to light constituting a "fraud on Court" as defined by Okros, supra.

All relief sought by the Plaintiff in its Motions to Seal should be denied.

Respectfully submitted,

S/ Joe Alfred Izen, Jr.

Joe Alfred Izen, Jr.
5222 Spruce Street
Bellaire, Texas 77401
(713) 668-8815
(713) 668-9402 FAX

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was sent to Margaret M. McClure, Mr. Freeman, the Trustee, and all parties by electronic transmission on this the 25th day of November, 2008.

S/ Joe Alfred Izen, Jr.

Joe Alfred Izen, Jr.

ACORSEAL.RSP/TK410